[No. 15690.   Department Two.—August 5, 1895.]

ELIZA YORE ET AL., PETITIONERS, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CORPORATIONS — QUO WARRANTO — USURPATION OF FRANCHISE — DISSOLU-
TION.—In a proceeding in *quo warranto* against a mutual life association, organized upon the assessment or co-operative plan, for the purpose of paying to the nominee of such members as may die stipulated sums of money, to be collected of surviving members, a judgment by which the corporation was excluded from the privilege and franchise usurped by it of making ordinary contracts of life insurance, does not work a dis-solution of the corporation, when it was not alleged or found that the defendant was usurping the franchise of being a corporation, and the judgment did not exclude it from exercising that franchise.

ID. — JUDGMENT FOR FINE — ACTION BY STATE TO APPOINT RECEIVER —
JURISDICTION—PROHIBITION.—The fact that a fine was imposed upon the corporation in the *quo warranto* proceedings, payable to the people of the state, does not authorize the state to commence a subsequent action to appoint a receiver of the corporation; and the court has no jurisdiction to appoint such receiver under section 565 of the Code of Civil Procedure, which only authorizes such action to be commenced upon the dissolution of the corporation, and the court will be restrained by writ of prohibition from further proceeding with respect to a receiver of the property of the corporation.

ID. — PETITION BY CREDITORS FOR PROHIBITION — ESTOPPEL — LACHES. —
Creditors of the corporation who petition for a writ of prohibition to prevent such receiver from acting are not estopped from presenting such petition by reason of the fact that they intervened in an action brought against the receiver by other creditors to recover a claim against the corporation, in which they set up a prior claim to the funds in his hands; nor by reason of the fact that the receiver brought an

action against them and other claimants to determine the priority of claims to the funds of the corporation; nor by the fact that the petitioners commenced an action against the corporation in which, on motion of the corporation, the receiver was substituted as defendant, and in which the petitioners recovered judgment, where it appears that they never appeared in the original action in which the receiver was appointed, except to move the court to desist from taking any further proceeding under the appointment of the receiver; nor by such course of action have they been guilty of such laches as destroys their right to apply for a writ of prohibition.

ID.—PROCEEDINGS AGAINST DE FACTO RECEIVER—ADMISSION OF VALIDITY OF APPOINTMENT.—The appearance of creditors for their own safety in actions against a *de facto* receiver, who has assets of the corporation in his possession, which are about to be disposed of in the actions, is not a concession of the validity of the appointment of the receiver, nor a ratification thereof, and they are not bound to attack his right to the possession of the assets, and are not in a position to attack the validity of the appointment of the receiver until brought into a hostile attitude to him by the levy of execution.

ID.—JURISDICTION—CONSENT OF PARTIES.—Jurisdiction of the subject matter of an action cannot be conferred by consent of the parties.

PETITION in the Supreme Court for a writ of prohibition to the Superior Court of the City and County of San Francisco.  D. J. MURPHY, Judge.

The facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick,* for Petitioners.

The court had no jurisdiction to appoint a receiver under sections 564 or 565 of the Code of Civil Procedure.  (*Neall* v. *Hill,* 16 Cal. 145; 76 Am. Dec. 508; *French Bank case,* 53 Cal. 495, 550–54; *Havemeyer* v. *Superior Court,* 84 Cal. 327; 18 Am. St. Rep. 192; *State Investment etc. Co.* v. *Superior Court,* 101 Cal. 135; *Harrison* v. *Hebbard,* 101 Cal. 152; *Long* v. *Superior Court,* 102 Cal. 449; *People's Home Savings Bank* v. *Superior Court,* 103 Cal. 27.)  The state was not a creditor of the corporation, the fine not being a debt, but a penalty.  (*Re Sutherland,* 3 Nat. Bank. Reg. 314; *Livingston* v. *Tompkins,* 4 Johns. Ch. 431; 8 Am. Dec. 598.)

*Attorney General W. H. Fitzgerald,* for the People.

The corporation was dissolved by the judgment.  (Civ. Code, sec. 399.)  The state of California was a creditor

of the corporation.    (Pen. Code, secs. 1206, 1214.) . The·
court had jurisdiction to appoint a receiver.    (Code Civ.,
Proc., sec. 565; *Havemeyer* v. *Superior Court*, 84 Cal. 327;.
18 Am. St. Rep. 192.)    The petitioners were guilty of·
laches, which was fatal to their application.    (19 Am. &
Eng. Ency. of Law, 272; *Keys* v. *Marin County*, 42 Cal.
252, 256; *Reynolds* v. *Superior Court*, 64 Cal. 372; *Smith*
v. *Superior Court*, 97 Cal. 348; *Kimple* v. *Superior Court*,
66 Cal. 136.)

*W. J. Bartnett*, and *Aylett R. Cotton*, for Receiver.

The writ of prohibition is a prerogative writ which
should not be granted in this case.    (19 Am. & Eng.
Ency. of Law, 264; *People* v. *Westbrook*, 89 N. Y. 152;
*Spring Valley Water Works* v. *San Francisco*, 52 Cal. 117.)·
The petitioners, by their actual consent to the appoint-
ment of the receiver, are estopped to deny its validity.
( *Smith* v. *Superior Court*, 97 Cal. 348; *Jack* v. *Des Moines
etc. Ry. Co.*, 49 Iowa, 627, 629; Bigelow on Estoppel, 5th
ed., 718, 719; *Cleveland etc. R. R. Co.* v. *Mara*, 26 Ohio St.
185; *Fahnestock* v. *Gilham*, 77 Ill. 637; *Thornton* v. *Baker*,
15 R. I. 553; 2 Am. St. Rep. 925; *King* v. *Penn*, 43 Ohio
St. 57, 61; *Bulkley* v. *Stephens*, 29 Ohio St. 620, 624; *Rail-
way Co.* v. *Ramsey*, 22 Wall. 322, 326; *Ellis* v. *White*, 61
Iowa, 644.)    The motion should be denied, because
petitioners have been guilty of laches.    (19 Am. & Eng.
Ency. of Law, 272; *In re Denton*, 1 Hurl. & C. 654; .*Yates*
v. *Palmer*, 6 Dowl. & L. 283; *Smith* v. *Superior Court*,
*supra; Reynolds* v. *Superior Court*, 64 Cal. 372; *Keys* v.·
*Marin County*, 42 Cal. 252, 256.)    The state was a cred-
itor by reason of the judgment.    (Pen. Code, secs. 1206,·
1214.)    The court had power to appoint the receiver.·
(Code Civ. Proc., sec. 564; High on Receivers, 3d ed.,
sec. 292; *Adler* v. *Milwaukee Patent Brick Mfg. Co.*, 13 Wis.
57; *Baker* v. *Backus*, 32 Ill. 79; *St. Louis etc. Coal Co.* v.
*Edwards*, 103 Ill. 472; *Warren* v. *Fake*, 49 How. Pr. 430;
*Wayne Pike Co.* v. *Hammons*, 129 Ind. 368; *Leavitt* v.
*Yates*, 4 Edw. Ch. 162; *Haywood* v. *Lincoln Lumber Co.*;
64 Wis. 639; *Blatchford* v. *Ross*, 54 Barb. 42, 44; 37 How.·

Pr. 110; *Glenn* v. *Macon*, 32 Fed. Rep. 7; *Conro* v. *Gray*, 4 How. Pr. 166; 20 Am. & Eng. Ency. of Law, 272.)

McFARLAND, J.—In the superior court, in an action entitled *The People upon the relation of W. H. H. Hart, Attorney General,* v. *Bankers and Merchants' Mutual Life Association of the United States et. al.,* numbered on the register of said court 32100, the court made an order appointing one A. G. Booth receiver; and this present proceeding is an original petition here for a writ of prohibition,. commanding the said superior court, substantially, to refrain from taking any further proceeding with respect to said receiver, upon the ground that the said court had no jurisdiction to appoint a receiver in said action. An answer was filed by the respondent here, and, upon a stipulation as to the facts, the case was submitted.

Prior to said action numbered 32100, another action, numbered 30718, had been commenced by the attorney general in the name of *The People against said Bankers and Merchants' Mutual Life Association,* in the complaint in which. said action it was averred that said association was a corporation duly organized under the laws of the state of California, having for its objects, as set forth in its articles of incorporation, the following: " To associate together for the purpose of equalizing the risk of death, and to pay to the nominee of such members as may die stipulated sums of money, to be collected of surviving members upon the assessment or co-operative plan, and to do any and every thing requisite, necessary, or convenient for accomplishing the said purposes." It is then averred in said complaint that said corporation had usurped certain other privileges and franchises, to wit: " Making contracts of insurance upon the lives of persons during life and for stated periods," " of being an incorporated and organized mutual life, health, and accident insurance company or association for profit," " of actually issuing contracts or policies of life insurance to subsist both during life and for stated periods, as a reg-

ular business for profit," etc., " of making and issuing written contracts in the form and after the manner of contracts of life insurance," and certain other franchises in said complaint enumerated. The prayer of the complaint was for judgment that said corporation had intruded into the franchises thereinbefore enumerated, and that it be ousted from the franchises " so usurped and abused." Judgment was entered that the defendant was guilty of usurping and exercising " certain franchises, rights, and privileges, as charged and alleged in the complaint in said action," and that it be " wholly excluded from such rights, privileges, and franchises." It was further adjudged that said corporation pay a fine of three hundred dollars to the people of the state. After said judgment had been entered, and on the same day, the said action first above named, numbered 32100, was commenced, and it was averred in the complaint therein that by the judgment in said action numbered 30718 the said corporation had been dissolved and the said fine of three hundred dollars had been imposed; that the assets of said corporation were in danger of being squandered, and that it was necessary to appoint a receiver in order to protect the same, and to provide for the satisfaction of the people's said judgment of three hundred dollars, and also to preserve and distribute moneys due from said dissolved corporation to other persons. The complaint prayed for the appointment of a receiver, and thereupon the said Booth was appointed by the court.

Jurisdiction to appoint the said receiver is given, if at all, by section 565 of the Code of Civil Procedure; and respondent rests the jurisdiction mainly upon that section. Some thing is said in the briefs about section 564; but the appointment of a receiver under that section is merely auxiliary to an action which " is pending"; whereas the said action numbered 32100 is an independent action brought for the very purpose of the appointment of a receiver. It is based upon section 565, upon the theory that the state, having a judgment for a

fine, is a creditor of the corporation. It is not necessary for us to determine whether the state on account of its judgment for a fine is a creditor within the meaning of that section, or whether it was definitely determined in *Havemeyer* v. *Superior Court*, 84 Cal. 327, 18 Am. St. Rep. 192, that in such a case the state is not such a creditor; because the proceeding authorized by section 565 can be commenced only " upon the dissolution of any corporation," and the theory of the respondent that by said action numbered 30718 the said corporation was dissolved cannot be maintained.

In section 399 of the Civil Code it is declared that the involuntary dissolution of corporations is provided for in the Code of Civil Procedure, from section 802 to section 810, inclusive; but it is rather singular that in turning to those sections of the Code of Civil Procedure we find no express provision about the dissolution of a corporation, or any mention of a corporation at all. The mind of the legislature, as expressed in those sections, seems to have been occupied almost entirely with a consideration of the usurpation of a public office. However, it is provided that a person usurping any *franchise* may, in an action brought by the attorney general, be excluded from such franchise by the judgment of the court; and it has been held that under this provision a corporation may be dissolved; but evidently it could be dissolved only by a judgment excluding it from exercising the franchise of being a corporation; and, in order to reach that result, there must be an averment of the usurpation of the franchise of being a corporation, and a judgment excluding the defendant from exercising said franchise, that is, from assuming to be a corporation. Now, in said action numbered 30718 there was no such averment or judgment. The complaint does not allege that the defendant therein was usurping the franchise of being a corporation, and the judgment does not exclude the said defendant from exercising the franchise of being a corporation, and does not undertake in any way to dissolve the corporation. The complaint

merely avers that the corporation has been illegally exercising certain enumerated franchises; and the judgment merely declares that the defendant is guilty of usurping rights and franchises, "as charged and alleged in the complaint," and adjudges that the defendant be excluded from "*such* rights, privileges, and franchises." The judgment, therefore, in that case does not dissolve the corporation, and does not undertake to do so. The said corporation, therefore, not having been dissolved, the court acquired no jurisdiction to appoint a receiver under said section 565 of the Code of Civil Procedure; and the appointment of said Booth as such receiver was without any authority, and void.

The only other question in the case is whether or not the petitioners herein, Yore *et al.*, are by certain of their acts admitted by the stipulation to have been done, estopped from denying the jurisdiction of the court to appoint said receiver; or have been guilty of such laches as prevents them from maintaining this present application. The facts with respect to this part of the case are these: 1. Alexander Vensano and others commenced an action against said Booth, as receiver, to recover a claim against said corporation out of the funds in his hands; and in that action petitioners herein intervened and set up their prior claim to the fund. 2. An action was commenced by Booth, as receiver, against a number of claimants, including these petitioners, to determine their several claims to the fund; and in that action these petitioners answered, setting up a judgment which they had recovered against the said corporation, and asserting its priority over all other claims. 3. These petitioners commenced an action in Yuba county against the said corporation, in which, on the motion of said corporation, the said Booth, as receiver, was substituted as a defendant in the place of said corporation. 4. Until the tenth day of February, 1894, neither the petitioners nor their attorneys had seen or examined any of the papers or proceedings in said action numbered 32100, nor had any information concerning the same beyond

what was imparted, if anything, by the pleadings, papers, and proceedings in other actions mentioned in the stipulation; and, 5. In the said action of these petitioners against said corporation in Yuba county the deposition of said Booth was taken on the ninth day of March, 1892, at the taking of which deposition the petitioners herein were represented by their attorneys, and in said deposition it was mentioned that said Booth was the receiver of said corporation, and was examined in respect to the papers of said corporation, etc.

The petitioners herein obtained judgment against the said corporation in said action, brought in Yuba county, for $13,826.66, on the third day of May, 1893; and on the 15th of January, 1894, a writ of execution was issued on said judgment, a copy of which was delivered by the sheriff to said Booth, together with a notice that all debts, credits, etc., and personal property in his possession and owing to said corporation were attached; and said Booth answered to the sheriff that whatever money he had belonging to said corporation was held by him as receiver, and that he would not pay over any of the same, unless ordered to do so by the superior court by whom he was appointed. Thereupon petitioners herein served a notice upon the attorney general, and also upon Booth, that they would move the court to desist from taking any further proceeding under said appointment of Booth as receiver, upon the ground that the court had no jurisdiction to appoint said receiver, which motion was afterward heard by said court and denied.

We do not think that by the acts just stated petitioners are precluded from maintaining the present proceeding. Of course, jurisdiction of the subject matter of an action cannot be obtained by consent; and the conduct of petitioners as above narrated does not include the necessary elements of estoppel, at least as to future action. Neither do we think that they have been guilty of such laches as destroys their right to apply for the writ sought in this proceeding. They never appeared in the original action in which the receiver was appointed, except

to move that the court desist from further proceedings therein. As to the other actions, Booth was acting as *de facto* receiver, and had the assets of the corporation in his possession, and said assets were about to be disposed of in said actions; and under these circumstances the appearance in said actions by petitioners for their own safety was not a concession of the validity of Booth's appointment as receiver, or a ratification thereof. They were not bound in those proceedings to attack Booth's right to the possession of the assets—even if it be conceded that an opportunity to do so was there presented. But really petitioners were not in a position to attack the validity of Booth's appointment as receiver until they were brought into a hostile attitude to him by the levy of their execution. The case of *Smith* v. *Superior Court*, 97 Cal. 348, cited by respondent, is not in point. In the first place, that case was certiorari; and as certiorari seeks mainly to annul some thing that has been already done, and is in its nature appellate, the general rule is that the application must be made within the time allowed for an appeal; while the main purpose of prohibition is to restrain future proceedings. In the second place, in *Smith* v. *Superior Court, supra,* the petitioner had intervened in the *original action* in which the receiver had been appointed; had procured himself to be joined as plaintiff in said action, and had prayed judgment against the defendant therein, and demanded that the property of said defendant be sold by the receiver, and the proceeds applied by the receiver to the debts of the said defendant; and then, three years after the appointment of the receiver, he sought to have the appointment annulled. No such facts appear in the case at bar.

Under the above views there are no other points necessary to be noticed.

Let a peremptory writ issue as prayed for in the petition.

GAROUTTE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.