H. V. GROSCH, Complainant,

*v.*

CENTRAL VANNINA, Inc., Dft.

</div>

<div align="center">

San Juan, Equity, No. 945.

RECEIVERS APPOINTED BY DIFFERENT COURTS.

</div>

*Jurisdiction—Conflicting Suits.*

    1. Within their respective jurisdictions each court is the equal of every other court, and no question of relative dignity arises except

NOTE.—As to exclusiveness of jurisdiction by appointment of receiver, see note in 20 L.R.A. 391.

Grosch v. Central Vannina.

in matters of appeal. The only question in case of conflict is as to which obtained prior jurisdiction.

### Comity—Appointment of Receiver.

2. In case of concurrent jurisdictions it is for the plaintiff to choose his forum, and when that is once chosen the court having jurisdiction must proceed. It then ceases to be a matter of comity between courts. A receiver is appointed by the court in its discretion, and not directly or indirectly by the parties.

### Conflicting Jurisdictions—First Acts.

3. The first court acquiring jurisdiction will retain it. As between parties jurisdiction is complete when the proper pleading is filed and proper process served, and for some purposes it relates to the filing of the bill. Sometimes the possession of the *res* is important.

### Jurisdiction—As Between Courts.

4. The act giving jurisdiction is a judicial act of the judge in making an order, as distinguished from the administrative act of the clerk in filing a paper. The order of a court will, for jurisdictional purposes, unless conflicting rights have intervened, relate back to the original filing, which is the initial step in the case.

### Suits *in Personam—In Rem.*

5. Suits *in personam* are those between parties; suits against the thing rather than the owner are *in rem.* In the first instance service of the party is essential to jurisdiction; in the second it is not jurisdictional and merely an incident to afford the owner an opportunity to come in. Suits quasi *in rem* are where the *res* is proceeded against, but is affected only as between persons made parties. To the extent that the court takes possession of the property the proceeding is *in rem.*

### Suit *in Rem*—Possession.

6. Upon the filing of a proceeding strictly *in rem* the court acquires possession, and, while other courts may proceed *in personam* as to the same parties, they cannot touch the *res,* which is *in custodia legis.*

### Creditors' Bill—Quasi *in Rem.*

7. A receivership is sometimes an incident, sometimes the gist of an action, although never intended as a final status. The question is not as to receivership, but as to the nature of the suit in which the receivership is invoked. A single creditors' bill is *inter partes,* while a general creditors' bill for marshaling and distributing of assets is quasi *in rem.*

### Grosch v. Central Vannina.

Jurisdiction—Seizure.

8. The original view of creditors' suits was that the seizure of the property gave jurisdiction; but this has since been renounced in circuit courts of appeals.

Porto Rico—*Lis Pendens.*

9. *Lis pendens* does not apply in Porto Rico, because it is an incipient change of title by a constructive possession of property without registration in the record office. This, however, does not apply to proceedings *in rem* where the filing is accompanied by possession.

Suit *in Rem*—Constructive Possession.

10. Actual seizure is not necessary in a proceeding *in rem*. There may be a constructive seizure or levy and return. A suit for forfeiture of charter is *in rem*, and if a receiver is appointed in another court pending such suit, he will be required to deliver possession over to a receiver subsequently appointed in the original proceeding.

Equity—Porto Rico.

11. The system of equity jurisprudence is not in force in the insular courts of Porto Rico, and there is no procedure by statute authorizing a general creditors' bill. A single creditors' bill is provided for, with the provisional remedy of incidental receiverships.

Same—California.

12. The Porto Rican law is taken from California, or is analogous to the California statute. This does not provide for a general creditors' bill and receivership to administer the property. Such receivership is a provisional remedy, like attachment in aid of a suit *in personam.*

Local Receivership—Federal Receivership.

13. The local court has jurisdiction of the suit of a creditor *in personam*, and incidentally a provisional remedy by receivership, while the Federal court has jurisdiction of a general creditors' bill to administer corporate property as a trust, which to all intents and purposes is a proceeding *in rem.*

Local Statutes—Federal Court.

14. At one time it might have been questioned whether a general creditors' bill could be recognized in the Federal court except in pursuance of local legislation; but even if the Federal court had no jurisdiction, it would not turn over the property of which it had acquired possession to receivers of another court which had no more jurisdiction.

Grosch v. Central Vannina.

Receivership—Notice to Defendant.

> 15. It is not absolutely necessary to give notice to a defendant before appointing a receiver. This should ordinarily be done, but in its discretion the court may, in carrying out its duty to prevent the wasting of a *res*, in what it deems a proper case of urgency, appoint receivers without service. More particularly is this true where the defendant was co-operating with creditors seeking to have receivers appointed in another forum.

Opinion filed May 14, 1914.

--------

*Mr. Francis E. Neagle* for complainant.

*Mr. Jorge Dominguez* for receivers of the Porto Rico court.

*Mr. D. Monserrat, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

After the decision here holding that a defendant in this and in another court had no right to raise the question of conflict of jurisdiction, the Porto Rico district court proceeded to the appointment of receivers, and they now apply to this court to have the property of the Central Vannina turned over to them for administration under the orders of the local court. This is the mode of procedure which was followed in the case of McKinney v. Landon, 126 C. C. A. 226, 209 Fed. 300. The application requires the decision of the question as to which court first obtained jurisdiction. The matter is now submitted upon the pleadings and affidavits both of this and the preceding application.

1. There is no question involved of the relative dignity of

Grosch v. Central Vannina.

the courts. There should never be such a question except where appeals lie, as each court within its jurisdiction is the equal of every other court. The question to be decided has nothing to do with the relative grade of the local and the Federal courts. For the purposes of this proceeding they stand on an absolute equality, and in this jurisdiction their relations are not only of comity, but of cordiality. The only question is as to which obtained prior jurisdiction. Riggs v. Johnson County, 6 Wall. 166, 195, 18 L. ed. 768, 776; Wabash R. Co. v. Adelbert College, 208 U. S. 54, 52 L. ed. 386, 28 Sup. Ct. Rep. 182.

The decision of the question of jurisdiction is in any event to be made according to the principles of American law. The Federal court, of course, proceeds according to American practice, and the Porto Rican courts are governed by a Code of Civil Procedure which is taken from that of California and other western states.

2. Such a question as between courts is generally spoken of as comity between courts. This, however, does not mean mere courtesy; for a proceeding in a court is one to enforce rights, and, as observed in Baltimore & O. R. Co. v. Wabash R. Co. 57 C. C. A. 322, 119 Fed. 680, where there is a concurrent jurisdiction, it is a matter of right in a plaintiff to choose his forum. This is a privilege which cannot be denied him. However a court might prefer that a question do not arise, it cannot neglect its duty to decide the question when it does arise. And this being so, it is not material whether other creditors, or the majority of them, might prefer some other forum. This is not a case where creditors control the appointment of receivers as is the case with the trustee in bankruptcy.

Grosch v. Central Vannina.

The court appoints the receivers it thinks will properly administer the trust, but, of course, the court will always listen to proper applications as to the conduct of its receivers, and see that the trust is administered in a businesslike manner.

3. It is settled that the court first acquiring jurisdiction will retain it. In such case all other courts, although their jurisdiction otherwise might be perfect, are excluded from the consideration of this particular matter. Wabash C. Co. v. Adelbert College, 208 U. S. 38, 52 L. ed. 379, 28 Sup. Ct. Rep. 182; Baltimore & O. R. Co. v. Wabash R. Co. 57 C. C. A. 322, 119 Fed. 678; Harkrader v. Wadley, 172 U. S. 148, 43 L. ed. 399, 19 Sup. Ct. Rep. 119; Covell v. Heyman, 111 U. S. 176, 28 L. ed. 390, 4 Sup. Ct. Rep. 355; Ball v. Tompkins, 41 Fed. 486; Onslow County v. Tollman, 76 C. C. A. 317, 145 Fed. 753; Mound City Co. v. Castleman, 110 C. C. A. 55, 187 Fed. 921. This rule is clear, but it is not quite so clear as to what time and in what manner jurisdiction is first acquired by the court. Cooper v. Reynolds, 10 Wall. 316, 19 L. ed. 932. There is no question that the jurisdiction between the two parties is complete when the proper pleading is filed and the proper process has been served upon the defendant. Sometimes, under the doctrine of *lis pendens,* it is held that the issue of process is the commencement of a suit, or even in some cases the filing of the bill. Pacific Coast S. S. Co. v. Bancroft-Whitney Co. 36 C. C. A. 135, 94 Fed. 180.

In the case at bar the decision is made difficult by the fact that the steps in the two cases run almost parallel, and were different in time only minutes or hours, being all on the same day. The petition was first filed and first served in the local court, while, on the other hand, the bill may have been filed

Grosch v. Central Vannina.

in the Federal court before service in the local court, and certainly was before appearance made in the local court. The Federal court first took judicial action as distinguished from the administrative action of its clerk, by appointing receivers, possibly before service in the local court, and those receivers went into possession about the time or shortly after the local court was fixing a later day on which to appoint its own receivers. Which court, under these conflicting steps, first acquired jurisdiction?

4. The question of jurisdiction is a relative one. It differs in suits *in personam* and *in rem,* and in some respects it varies as to parties. The question now under consideration, however, has no reference to parties; it is as between two courts. If the jurisdiction as to parties depends upon filing and the like, which parties control, it would seem as if on principle the question as between courts should depend upon the acts of the courts. It is true the court is an entity, consisting of judge, clerk, and marshal, but these officers have different functions. The decision of a case—the literal meaning of jurisdiction—rests solely with the judge, and it would seem that jurisdiction must depend upon his act, and not upon that of the clerk. See Lansing v. Easton, 7 Paige, 364. If jurisdiction as between courts attaches to the court making the first order, in the case at bar this would be the Federal court. This court, at about ten minutes after 12, noon, made an order taking jurisdiction of the case and appointing receivers. The insular court made no order of this nature until later in the day, and in fact did not appoint receivers for a week. East Tennessee, V. & G. R. Co. v. Atlanta & F. R. Co. 15 L.R.A. 109, 49 Fed. 608, 610.

It may well be that the act of the clerk, for instance in

Grosch v. Central Vannina.

filing the papers, is considered the act of the court, and that the order made by the court assuming jurisdiction relates back to this, the initial step in the case. This may be necessary for the orderly conduct of the business of the court. But, nevertheless, it would seem that relation back should not apply where conflicting rights have intervened. Where time is of the essence of the transaction, in this case taking jurisdiction, a subsequent order of one court should not relate back so as to take precedence of a prior conflicting order of another court.

It is, however, not necessary to rest the decision of the case upon this view of the principle involved.

5. Upon authority the solution is not so simple. In the usual case of a suit between two parties, one *in personam,* the filing of the complaint or petition generally gives jurisdiction of the subject-matter, and service of the defendant gives jurisdiction of the person, both being necessary. But there is a class of cases called *in rem,* against the thing or *res* rather than against the owner, where a different rule prevails. There service of the person is not practised, or is an incident to afford the owner an opportunity to come in, without being necessary for jurisdiction to attach. There are other proceedings where the *res* is proceeded against, but is affected only as between the persons made parties. These suits are quasi *in rem,* and the *in rem* quality varies with the various nature of the particular suits. A proceeding may be *in rem* for some purpose and *in personam* for others. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Cooper v. Reynolds, 10 Wall. 308, 19 L. ed. 931. To the extent that the court takes possession of the property, the proceeding is *in rem.*

"There is, however, a large class of cases which are not

Grosch v. Central Vannina.

strictly actions *in rem,* but are frequently spoken of as actions quasi *in rem,* because, though brought against persons, they only seek to subject certain property of those persons to the discharge of the claims asserted. Such are actions in which property of nonresidents is attached and held for the discharge of debts due by them to citizens of the state, and actions for the enforcement of mortgages and other liens. Indeed, all proceedings having for their sole object the sale or other disposition of the property of the defendant, to satisfy the demands of the plaintiff, are in a general way thus designated. But they differ, among other things, from actions which are strictly *in rem,* in that the interest of the defendant is alone sought to be affected, that citation to him is required, and that judgment therein is only conclusive between the parties." Freeman v. Alderson, 119 U. S. 187, 30 L. ed. 373, 7 Sup. Ct. Rep. 165. See also Merritt v. American Steel-Barge Co. 24 C. C. A. 530, 49 U. S. App. 85, 79 Fed. 228.

6. The complainant herein claims that his proceeding in the Federal court is *in rem* or quasi *in rem,* and that the proceeding in the local court was *in personam.* He contends the result is that the court first acquiring possession of the *res* first acquired possession of the suit.

There is no doubt that upon the filing of a proceeding strictly *in rem,* the court acquires possession, and, while other courts may proceed *in personam,* they cannot touch the *res.* That is said to be *in gremio legis,* or, as it is sometimes expressed, *in custodia legis,* and, of course, cannot be affected by the process of any other court. A proceeding *in rem,* however, is independent of the service of any defendants, while in the case at bar it is not contended that this suit could proceed without service

*Grosch v. Central Vannina.*

of the defendant. The contention is that the proceeding at bar amounts to a proceeding quasi *in rem,* whose nature requires the court to have possession of the property, in this case of the Central Vannina. If this be so, to that extent the proceedings would be *in rem,* and the possession of this court would give it jurisdiction. Heidritter v. Elizabeth Oil Cloth Co. 112. U. S. 294, 28 L. ed. 729, 5 Sup. Ct. Rep. 135; Ellis v. Davis, 109 U. S. 498, 27 L. ed. 1010, 3 Sup. Ct. Rep. 327; Palmer v. Texas, 212 U. S. 118, 53 L. ed. 435, 29 Sup. Ct. Rep. 230.

7. A receivership, however, does not necessarily constitute a proceeding *in rem.* A receiver may be used for different purposes. Under statutes it is a remedy sometimes allowed for special purposes, and in equity it is a remedy which, like injunction, may be used for a special purpose, or it may constitute the gist of the action. It is true that a receivership is never a final status. It is not a situation which the court desires to perpetuate; but, where the possession of the court by a receiver is essential to the administration of the suit, it is, so far as that suit is concerned, an end in itself. To use a philosophical phrase, it is there, so to speak, a *ding an sich.* So that the fact of a receivership is not conclusive. The question is, What kind of a receivership is it? Or rather, what kind of a suit is it in which the receivership is invoked?

This difference applies even in creditors' bills. A single creditor may file a bill to set aside a fraudulent conveyance and subject the property to his debt, and a part of the procedure may be the appointment of a temporary receiver; while on the other hand, what is called a general creditors' bill is one filed by one or more creditors on behalf of all who may join in, and seeks to marshal the assets of the defendant debtor and establish priorities, if any, among the creditors, and, as neces-

sary to this end, have all the assets administered by a receiver until the end of the suit. A single creditors' bill is *in rem* to a much more qualified extent, just as a mortgage foreclosure is a proceeding *in rem*. Farmers' Loan & T. Co. v. Lake Street Elev. R. Co. 177 U. S. 51, 44 L. ed. 667, 20 Sup. Ct. Rep. 564.

There is no question that the bill filed by the complainant herein is a general creditors' bill, brought by one on behalf of all creditors, requires the possession by a receiver, and seeks to marshal assets and pay creditors according to their respective priorities. These are the essential features of a general creditors' bill. It is a bill quasi *in rem* and for all the purposes of this suit must be treated as such.

8. The crucial question in this case is, When, in such a proceeding, does the jurisdiction of the court attach? As involving questions both *in rem* and *in personam,* the solution is not easy. Indeed, the present view of the courts has only been reached by judicial evolution.

There is no question that first legal possession of the *res* gives jurisdiction. The earlier view, advanced in 1875, by no less acute a mind than Mr. Justice Bradley, was that prior actual seizure settled the question of conflicting jurisdictions. Wilmer v. Atlanta & R. Air-Line R. Co. 2 Woods, 409, Fed. Cas. No. 17,775. This has been followed in other cases, such as East Tennessee, V. & G. R. Co. v. Atlanta & F. R. Co. 15 L.R.A. 109, 49 Fed. 608. The Bradley view was opposed at the time by Circuit Judge Woods, and vigorously renounced in 1895 by Circuit Judge Pardee in the same fifth circuit, in Adams v. Mercantile Trust Co. 15 C. C. A. 1, 30 U. S. App. 204, 66 Fed. 617.

Grosch v. Central Vannina.

9. Porto Rico being practically a circuit of itself, we are not bound by these decisions, and can give the matter original consideration, and there would seem to be a serious question whether a constructive possession by filing a bill in equity will obtain in Porto Rico in any case. The mortgage law of Porto Rico aims at having upon the registrar's records all liens which affect real property.

The theory of constructive possession is that the filing of the bill creates a *lis pendens,* affecting everyone. Wiswall v. Sampson, 14 How. 66, 14 L. ed. 328. It even prevents a similar lien of another court from attaching. It has been held, however, that no *lis pendens* arises in Porto Rico on account of the provisions of the mortgage law. Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724. Under this it would seem that there can be no constructive possession of property, an incipient change of title, unless it is first registered in the usual record offices. There is, of course, no suggestion that this was done as to either Federal or local proceedings.

This would not affect the Federal receivership, because it was immediately accompanied by actual possession. Nor would this principle affect proceedings strictly *in rem,* as in admiralty; for these exist independently of any local statute and cannot be affected by any local law.

10. If, however, it were allowable to disregard the question whether rights have not attached hereunder in behalf of the complainant, the view which will avoid unseemly conflicts of officers of different courts would be preferable. This considers jurisdiction as not dependent upon actual seizure, but on acts equivalent to dominion.

"Jurisdiction of the *res* is obtained by seizure under process

Grosch v. Central Vannina.

of the court, whereby it is held to abide such order as the court may make concerning it. The power to render the decree or judgment which the court may undertake to make in the particular cause depends upon the nature and extent of the authority vested in it by law in regard to the subject-matter of the cause.

"While the general rule in regard to jurisdiction *in rem* requires the actual seizure and possession of the *res* by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing, and in effect subject it to the control of the court. Among this latter class is the levy of a writ of attachment or seizure of real estate, which, being incapable of removal, and lying within the territorial jurisdiction of the court, is for all practical purposes brought under the jurisdiction of the court by the officer's levy of the writ and return of that fact to the court. So the writ of garnishment or attachment, or other form of service, on a party holding a fund which becomes the subject of litigation, brings that fund under the jurisdiction of the court, though the money may remain in the actual custody of one not an officer of the court.

"When we come to the application of these principles to the case before us, that which leads to some embarrassment is the complex character of the proceedings which we are to consider.

"Its essential purpose or nature is to establish, by the judgment of the court, a demand or claim against the defendant, and to subject his property, lying within the territorial jurisdiction of the court, to the payment of that demand."

A good example is found in McKinney v. Landon, 126 C. C.

Grosch v. Central Vannina.

A. 226, 209 Fed. 300. This was where the state of Kansas sought in a local court under a local statute to wind up the business of a corporation for violating its anti-trust laws, a suit of high privilege, practically *in rem.* After this proceeding had continued for some time, a local stockholder brought suit against the same defendant in the Federal court and secured the appointment of a receiver. When the local proceedings had reached the point of dissolution of the corporation, the local court also appointed receivers, and upon their applying to the Federal court the Federal receivers were discharged and the property turned over to the local receivers. This furnishes an instance of a proceeding quasi *in rem,* where the state as a sovereign sought to dissolve a corporation for violation of law, and by a receivership wind up its business. Although the two parts of the proceedings were separated by some space of time, they made up one whole, and the Federal court respected the local suit as a unit.

11. It is contended by the local receivers in the case at bar that they come within the same rule, and this requires a consideration of the question whether the Porto Rico procedure in which those receivers were appointed is *in rem.*

The suit filed in the San Juan district court is brought under Title VIII. of the Code of Civil Procedure, relating to "Provisional Remedies in Civil Actions." The first chapter of this title is on "Arrest and Bail in Civil Actions," the second, "Claim and Delivery of Personal Property," and the third, the one in question, on "Receivers." A receiver, according to § 182, may be appointed by the court in which the action is pending or has passed to judgment, or by the judge thereof, in the following cases:

Grosch v. Central Vannina.

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between parties or others jointly owning or jointly interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

"2. After judgment, to carry the judgment into effect.

"3. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"4. In the case when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"5. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

The proceeding at bar is not after judgment, nor is it intended to cover the case of an insolvent corporation, which would seem to be a public suit by the government. It must come either within the provision as to all other cases "where receivers have heretofore been appointed by the usages of courts of equity," or in an action "by a creditor to subject any property or fund to his claim, . . . where it is shown that the property or fund is in danger of being lost, removed, or materially injured." In the second instance the suit is clearly of one creditor seeking to recover his own debt, and in the other it is uncertain what is meant, as there is no other grant of

equity powers. Receivership under this section is evidently thought of as a "provisional remedy," just as in the act of March 1, 1902, the effectiveness of a judgment is secured by what is called the "provisional remedy" of attachment. An attachment does not amount to a proceeding *in rem,* so far as relates to the property properly attached, until after the court has taken charge of the property, when it becomes therefore *in custodia legis.* If receivership under the Porto Rico Code is meant to be analogous to this (and the words "provisional remedy" are used as to both), receivership is not in any sense of the word the object of the suit. It is merely incidental, and the section would cover only a single creditors' bill.

Indeed, the wording of the petition in the local court seems to run upon that theory. The petitioner sets forth his claim, and where he mentions others it is only by way of inducement, to show the probability of the loss of his own. He nowhere sets out the necessity for a receivership in order to marshal assets for the payment of all debts, and calling in all creditors —the essence of a general creditors' bill. The receivership would seem to be an incident to his own claim and no more. It may be the practice to extend this so as to allow others to file claims, but, if so, it is a procedure broader than the statute under which it is brought.

It is possible, as in the Foraker act as to this court, to adopt the whole of equity law by a few words. Was equity law on the subject of creditors' bills adopted *en bloc* by the words in the Code of Civil Procedure, § 182, "where receivers have heretofore been appointed by the usages of courts of equity?" A creditors' bill requires much more than a receiver. The suit necessitates the ascertainment of liens and priorities, and the

marshaling of assets and administration of a complicated trust, and calls for practically all the principles and remedies of equity.

It has been expressly held in Montilla v. Van Syckel, 8 P. R. R. 155 (decided a year after the adoption of the Code of Civil Procedure), that "a system of equity jurisprudence, such as that administered in the Federal courts of the United States and in some of the state courts, has no place in the system of laws enforced and practised in the insular courts of Porto Rico," and no exception in favor of creditors' bills seems to have been established by statute or decisions of the Porto Rico court of last resort.

12. The Porto Rican statute is almost identical with that of California, and it may be well to examine the decisions of that state for light upon the subject. There are a number of decisions, but they seem to be based upon the leading case of La Societé Francaise v. District Ct. 53 Cal. 495.

In this case a receiver was appointed for a corporation, and on certiorari to the supreme court it was held that § 564 of the Code of Procedure, corresponding to the Porto Rican § 182 above mentioned, covered the only cases in which a receiver could be appointed for a corporation. This court holds that in California there is no jurisdiction in equity to appoint a receiver of corporate property at the suit of an individual, except under this statute. The statute does not create a new substantive right of action, and the only provision applicable is that where the corporation is insolvent, and the court holds that this does not give the right to an individual creditor to "seize its property out of the hands of its constituted manager and place it in the hands of a receiver." This, the opinion goes

on to observe, is materially different from the New York parent statute. In other words, a general creditors' bill to have a receiver administer the property of an insolvent corporation as a trust is not conferred by this statute.

To the same effect are later decisions. McLane v. Placerville & S. Valley R. Co. 66 Cal. 606, 616, 6 Pac. 748, decides that a receivership in California is a "provisional remedy," bearing the same relation to a court of equity that attachment does to a court of law. In Yore v. Superior Ct. 108 Cal. 431, 435, 41 Pac. 477, it is held that a receivership under the California Code is merely auxiliary to a pending action. To the same effect is Murray v. Superior Ct. 129 Cal. 628, 632, 62 Pac. 191. The California law seems to regard a receivership as a provisional remedy like attachment, and an attachment does not sequestrate property, and does not prevent the levy of the process of other courts, until it is actually levied. In other words, attachment, and by inference receivership, are in California remedies in aid of suits *in personam,* and until levy do not amount to proceedings *in rem* or quasi *in rem.*

If this is true in California under a series of Codes which undertake to digest the common law, including equity, into one system, *a fortiori* it is true in Porto Rico, which never had an equity system as such.

13. In the view that we take of the situation, therefore, the Federal court and the local court have different kinds of jurisdiction. The local court has jurisdiction of a suit of a creditor *in personam,* and incidentally will afford a provisional remedy by receivership, while the Federal court has jurisdiction of a creditors' bill to administer corporate property as a trust, which, to all intents and purposes, is a proceeding *in rem.*

Grosch v. Central Vannina.

As said by Chief Chief Justice Taney in Ableman v. Booth, 21 How. 516, 16 L. ed. 173, the limits of the two jurisdictions are as if marked off tangibly by monuments. It is possible that there can be an apparent conflict, as where, in the Moran Case, 154 U. S. 256, 38 L. ed. 981, 14 Sup. Ct. Rep. 1019, a state receiver demands possession of vessels seized *in rem* by the United States marshal. Somewhat as in that case, the Federal court has a possession *in rem,* which does not really conflict with the rights of the local court, because that court had no right to the property until an actual seizure, which it did not make. The provisional receivership becomes *in rem* only after levy or sequestration. See East Tennessee, V. & O. R. Co. v. Atlanta & F. R. Co. 15 L.R.A. 109, 49 Fed. 609, which also presents the case of an intended friendly receivership and decides adversely to it.

14. It is true that the absence of local statutes may influence the procedure in the United States court also. At a time not very remote it might have been questioned whether a bill of the kind at bar would be recognized except under state legislation. 6 Pom. Eq. Jur. §§ 125, 662; Cates v. Allen, 149 U. S. 457, 37 L. ed. 807, 13 Sup. Ct. Rep. 883, 977. But at least this question does not arise in the present case. This court has taken jurisdiction of the bill and has possession of the property. If such a bill could not be sustained in this court, a point not before us, that would not be a reason for turning the property now under administration in this court over to receivers of another court which had as little jurisdiction.

15. It is not considered necessary to discuss the motion of the defendant to vacate the order appointing receivers. Practically the same question was raised and decided on its

Grosch v. Central Vannina.

previous plea to the jurisdiction. The ground which seems to be relied upon is that receivers cannot be appointed without notice to the defendant. This point has already been decided on the previous application. Whatever may be the state practice, Federal courts will appoint receivers *ex parte* in cases which they deem urgent. Taylor v. Easton, 103 C. C. A. 509, 180 Fed. 363. See also Miltenberger v. Logansport, C. & S. W. R. Co. 106 U. S. 306, 27 L. ed. 125, 1 Sup. Ct. Rep. 140. The claim that there has to be service of the defendant before a receiver can be appointed is of much the same character. The court, in carrying out its duty to prevent the wasting of a *res* over which it is assuming jurisdiction, will not stand upon ceremony. It will, in what it deems a proper case of urgency, appoint receivers before defendant is served. These are only to preserve the property, and cannot in any proper sense be said to injure either claimant. If it should be that there is impropriety in such appointment, this can be brought to the attention of the court by motion to discharge the receivers. It is not perceived how the defendant in this case is injured in the slightest degree, as it was co-operating with creditors in seeking to have receivers appointed. It is true that this was in another court, but it was a practical confession of the urgency of the situation. The court sees no reason to think it committed any error in making the appointment.

It follows, therefore, that the motion of the defendant must be overruled, and that the application of the local receivers must be denied.

It is so ordered.