## COOK *v*. LEONA MILLS LUMBER CO. ET AL.

### (212 Pac. 785.)

**Receivers—Jurisdiction Dependent on Allegations of Complaint and not on Evidence Offered in Support Thereof.**

1. The jurisdiction of the Circuit Court to appoint a receiver must be determined in the first instance by the allegations of the petition made in good faith, and does not depend upon any evidence that might subsequently have been offered and received in support thereof.

Equity—Intendments and Inferences Invoked to Support the Complaint not Demurred to.

2. Where no demurrer was filed to a complaint in the Circuit Court, every reasonable intendment and inference must be invoked in its support on appeal.

Courts—Authoritative Construction not Disregarded Unless for Cogent Reasons Showing Beyond Question That It was Wrong.

3. Where Section 1108, Or. L., was authoritatively construed as not authorizing the appointment of a receiver except as ancillary to a pending suit for other relief, both before and after its amendment by Laws of 1915, page 127, which made no change in the law in that respect, such construction should not be disregarded unless for cogent reasons showing beyond question that on principle such construction was wrong.

Corporations—Suit not Maintainable for Appointment of Receiver as Sole Primary Object of Suit.

4. Under Section 1108, Or. L., providing that a receiver may be appointed in a civil action, suit or proceeding when a corporation is insolvent, or in imminent danger of insolvency, the appointment of a receiver is an ancillary remedy in aid of the primary object of litigation, and must be germane to the principal suit, and a proceeding cannot be maintained where the appointment of a receiver is the sole primary object.

From Multnomah: George W. Stapleton, Judge.

Department 2.

This case comes here on appeal from an order refusing to vacate the appointment of a receiver for the Leona Mills Lumber Company, a corporation.

On August 20, 1921, J. H. Cook, as plaintiff, sued the defendant corporation, with the sole object in view of having a receiver appointed for the protection of the company's property. Among other things, the complaint alleged the incorporation of defendant; that the capital stock of the corporation was $100,000, divided into 1,000 shares of the par value of $100 each; that plaintiff was the owner of 501 shares of such capital stock and was a member of the board of directors of the corporation; that the business of

4. Power to appoint receiver of corporation when no other relief asked, see notes in 4 Ann. Cas. 66; 20 L. R. A. 210; 23 L. R. A. 531.

the corporation was the manufacture of lumber at
Leona, Douglas County, Oregon; that its principal
office and place of business was Portland, Oregon;
that it had a modern, well-equipped sawmill at Leona
and owned approximately 120,000,000 feet of timber
with the necessary equipment to log the same; that
the defendant was indebted to divers persons in the
total sum of $270,000, no part of which was secured
by mortgage except the sum of $40,000; that the value
of the timber and equipment and other property
owned by the defendant corporation consisted in keep-
ing the same intact; that during the year the price
of manufactured produce of lumber had continually
decreased, making it unprofitable for mills to operate;
that various creditors of the defendant corporation
had started suit and attached the property of the de-
fendant and many additional creditors were threaten-
ing to sue and attach the property of the defendant
corporation, which would have resulted in the saw-
mills being closed and placed in the charge of the
sheriff;

"that to allow such a proceeding to continue would
endanger the real value of the property and would
mean a great loss to the corporation and to its stock-
holders and would materially injure and destroy the
ability of the defendant corporation to pay its bills,
and if such suits were allowed to continue, property
sold under attachments, a large portion of the assets
would be wasted by being sold by the sheriff at a sum
much less than their real value, and that by reason
of the foregoing the defendant company is in immi-
nent danger of insolvency.

"That the plaintiff is also a creditor of the corpo-
ration in the sum of $73,000, with interest, none of
which sum is secured * * .

"That in order to preserve the property of the de-
fendant corporation intact, to prevent it from being
wasted and enabling the corporation to meet its lia-

bilities and to prevent any further attempts to secure preferential liens or to embarrass the defendant to the point of insolvency by said threatened litigation, it is necessary that a receiver be appointed to take charge of the operation of said mill and to safeguard the interests of the stockholders and all of the creditors of said corporation without in any wise jeopardizing its interests or impairing its assets.

"That plaintiff has no plain, speedy or adequate remedy at law.

"Wherefore, plaintiff prays this honorable court for a decree appointing a receiver herein with authority to take possession of all of the assets of the defendant company of any description whatsoever, to conserve and protect the same, and to act in the management, control and disposition thereof under the advice, guidance and orders of this court; that said decree confer upon said receiver powers usually granted such officer; * * that upon the solution of all problems connected with the settlement of the affairs of the defendant company, the interests and property of said corporation to be turned over to the officers and directors of said corporation that said receiver be given full power to institute such actions or suits as may be necessary and such other and further relief as to the court may seem meet and equitable in the premises."

On the day that the complaint was filed, and with the consent of the defendant corporation, J. H. Cook, the plaintiff, was, by order of the court, appointed receiver, and thereafter filed his oath of office and his bond in the sum of $50,000. The Credit Service Company, the assignee of thirty-eight creditors of the defendant, filed a petition for intervention. On September 29, 1921, the court made an order allowing the Credit Service Company to intervene. The Credit Service Company made a motion to vacate the order of appointment of the receiver. The defendant Leona Mills Lumber Company filed an answer re-

questing the retention of Cook as receiver. On October 3, 1921, a hearing was had and an order made overruling the motion to vacate the order appointing the receiver. Among other things, the motion for vacation of the order appointing the receiver averred that—

"The plaintiff's petition herein * * does not state any facts or grounds sufficient to authorize the appointment of a receiver; * *

"That it appears from the face of said petition that plaintiff, as a creditor, has a plain, speedy and adequate remedy at law, and that there is no cause for equitable intervention or equitable relief in these proceedings;

"That it appears from the records and files herein that there is no suit, action, or adverse proceeding pending, and there is no controversy to be determined and that the making of said order is contrary to and in violation of Sections 1107 and 1108, Oregon Laws."

The Credit Service Company, appealing, says that there is manifest error in the appointment of the receiver herein; in denying the motion of the defendant, Credit Service Company, to vacate the order of appointment, and in failing to sustain the motion of the intervening defendant, Credit Service Company, to vacate the order appointing J. H. Cook receiver.

REVERSED.

For appellant there was a brief over the names of *Mr. William B. Layton* and *Mr. V. V. Pendergrass,* with an oral argument by *Mr. Layton.*

For respondent Leona Mills Lumber Co. there was a brief over the name of *Mr. Kenneth F. Frazer.*

For respondent J. H. Cook there was a brief over the names of *Mr. L. A. Liljeqvist* and *Messrs. Cake & Cake,* with an oral argument by *Mr. Liljeqvist.*

BROWN, J.—1. The disposition of this case depends upon the averments of the complaint and the meaning of our statute. The question to be determined in this suit is: Did the averments of the petition confer upon the Circuit Court jurisdiction to appoint a receiver? The jurisdiction of the Circuit Court for Multnomah County, Oregon, to appoint J. H. Cook as receiver of the Leona Mills Company must be determined in the first instance by the allegations of the petition, made in good faith, and does not depend upon any evidence that might subsequently have been offered and received in support thereof.

2. The defendant Credit Service Company challenged the sufficiency of the complaint. In considering the sufficiency of that pleading, we are mindful that no demurrer was filed thereto in the court below, and every reasonable intendment and inference must be invoked in support of it.

There is no cause of action stated in the plaintiff's complaint, and no relief is sought other than the appointment of a receiver in this cause.

Did the power to appoint a receiver exist independent of some other right or the infringement of some right of the plaintiff, J. H. Cook, which entitled him to maintain this suit therefor?

This case comes within the compass of the general rule relating to the appointment of receivers. The statute of Oregon relating to the appointment of a receiver for a corporation is almost identical with that of California (Kerr's Cyc. Codes of California, § 564, par. 5), Montana (3 Revised Codes of Montana, 1921, § 9301, par. 5), North Dakota (2 N. D. Compiled Laws, § 7588, par. 5), and Idaho (2 Idaho Compiled Statutes, § 6817, par. 5). We find no decisions in any

of these states recognizing the power of the court to appoint a receiver as a method of granting ultimate relief. But when the courts of the states mentioned have spoken, it has been to hold that the appointment of a receiver is an ancillary remedy, in aid of some primary object of litigation. In the above sections of the Codes of these states, it is provided:

"A receiver may be appointed by the court in which an action is pending."

On the other hand, the Code of the State of Washington makes no reference to the necessity of an "action pending," but provides that—

"A receiver may be appointed by the court in the following cases: * *

"(5) When a corporation is insolvent or in imminent danger of insolvency. * * " Section 741.

3. The application of Section 1108, Or. L., relating to the appointment of receivers, presents no new question. This provision of the Code has been explained in a number of court decisions heretofore rendered. This section of the statute was enacted as a part of the Code of 1862, but was amended by Chapter 125, Laws of 1915. The amendment in no way affects this cause. Both before and since its amendment, the section of the Code involved herein has been authoritatively construed, and the construction given should not be disregarded unless for cogent reasons showing beyond question that on principle it was wrongly decided: *State* v. *Olcott,* 94 Or. 633 (187 Pac. 286). The legislature had a purpose in making the amendment. It intended to enlarge the meaning of paragraph 4 of Section 1108 so as to include co-operative associations. It also was the legislative intention, as indicated by its language, that a receiver

was to be appointed when a corporation or co-operative association "is insolvent" or "in imminent danger of insolvency," only when it becomes necessary to protect the property of such corporation or co-operative association. The legislative assembly is presumed to have known of the interpretations placed upon this provision of the Code by this court, and had it intended to empower the Circuit Court to appoint a receiver in a suit for that purpose alone it would have said so. There is no language, either in the title or in the body of the amendatory act, that supports the plaintiff's contention.

The following interpretation was placed upon Section 1108 of our Code prior to the time of the enactment of the amendment:

"A court of equity has no jurisdiction or authority to appoint a receiver, except as ancillary to an actual pending suit." *Stacy* v. *McNicholas,* 76 Or. 167, 188 (144 Pac. 96, 148 Pac. 67); citing in support thereof, among other cases, *McNary* v. *Bush,* 35 Or. 114 (56 Pac. 646).

Subsequent to the amendment of the statute in question, this court, speaking through Mr. Justice BEAN, in *Scandinavian-American Bank* v. *Lumber Co.,* 101 Or. 158, 163 (199 Pac. 626), said:

"It is a well-established general rule that the appointment of a receiver is an ancillary remedy, in aid of the primary object of a litigation between the parties, and such relief must be germane to the principal suit: 34 Cyc. 29; 23 R. C. L., p. 11, § 5."

We will cite illustrative cases applying to statutes like our own.

3 Kerr's Cyclopedic Codes of California, Section 564, provides:

"A receiver may be appointed by the court in which an action is pending, * *

"(5) In the cases where a corporation * * is insolvent, or in imminent danger of insolvency * *. "

The California court held that the appointment of a receiver is merely ancillary to some action which "is pending" under the above section: *Yore* v. *Superior Court,* 108 Cal. 431, 435 (41 Pac. 477). In the case of *La Societe Francaise* v. *District Court,* 53 Cal. 495, 553, the Supreme Court of California held that there is no such thing as an action brought distinctly for the mere appointment of a receiver; that such appointments, when made, are ancillary to, or in aid of, an action brought; that the authority conferred upon courts to make appointments of receivers presupposes that an action is pending before it, instituted by someone authorized by law to commence such action. To the same effect is *Murray* v. *Superior Court,* 129 Cal. 628 (62 Pac. 191).

3 Revised Codes of Montana, 1921, Section 9301, provides:

"A receiver may be appointed by the court in which an action is pending, * *

"(5) In cases when a corporation * * is insolvent or in imminent danger of insolvency * * ."

The Supreme Court of that state, in applying the foregoing statute, has held that receivership is a provisional remedy of ancillary character, allowable only in an action pending for some other purpose: *Lyon* v. *United States F. & G. Co.,* 48 Mont. 591, 600 (140 Pac. 86, Ann. Cas. 1915D, 1036) ; *Hartnett* v. *St. Louis M. & M. Co.,* 51 Mont. 395, 401 (153 Pac. 437). In the latter case the court said:

"Receivership is a provisional remedy of ancillary character, allowable only in an action pending for some other purpose (local citations). The 'action pending' must be one for relief 'that could be litigated between the parties even if the application for

the appointment be denied,' and presupposes a complaint sufficient to warrant such relief: *Mann* v. *German-American I. Co.*, 70 Neb. 454 (97 N. W. 600)."

It was pressed upon our attention at the hearing that the Supreme Court of Washington has held that a receiver may be appointed for a corporation when the corporation is in imminent danger of insolvency, in a suit brought for that purpose only.

We have previously referred to the language of the Washington statute. In *Biehn* v. *Aetna Investment Co.*, 110 Wash. 460 (188 Pac. 489), the Supreme Court of Washington said:

"This court has, in an unbroken line of decisions, upheld the appointment of receivers for insolvent corporations: *Oleson* v. *Bank of Tacoma*, 15 Wash. 148 (45 Pac. 734); *New York National Exchange Bank* v. *Metrop. Sav. Bank*, 28 Wash. 553 (68 Pac. 905); *Davis* v. *Edwards*, 41 Wash. 480 (84 Pac. 22); *Blum* v. *Rowe*, 98 Wash. 683 (168 Pac. 781, L. R. A. 1918C, 630)."

But note the Washington statute hereinbefore referred to. Also see *United States* v. *Sloan Shipyards Corp.*, 270 Fed. 613.

The well-established rule empowering a court to appoint a receiver is stated as follows:

"It is essential that there shall be at the time of the appointment a suit pending in which relief other than the mere appointment of the receiver is sought." 1 Tardy's Smith on Receivers (2 ed.), § 14, and the many authorities there cited.

Again, we have the rule stated:

"It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right." 1 Clark, The Law of Receivers, § 35.

106 Or.—34

And again:

"The power to appoint a receiver of property is equitable in its nature and inherent only in a court of chancery or other court exercising equitable jurisdiction. The appointment of a receiver is not the ultimate end and object of litigation, but is merely a provisional remedy to control and preserve property pending litigation, that the relief awarded, if any, may be effective." 17 Ency. of Plead. & Prac. 681, 682.

In the leading case of *Vila* v. *Grand Island Electric Light etc. Co.*, 68 Neb. 222 (94 N. W. 136, 97 N. W. 613, 110 Am. St. Rep. 400, 4 Ann. Cas. 59, 63 L. R. A. 791), it was written:

"The law of receiverships is peculiar in its nature, in that it belongs to that class of remedies which are wholly ancillary or provisional, and the appointment of a receiver does not affect, either directly or indirectly, the nature of any primary right, but is simply a means by which primary rights may be more efficiently preserved, protected and enforced in judicial proceedings. It adjudicates and determines the rights of no party to the proceeding and grants no final relief, directly or indirectly." Citing Smith, Receiverships, § 2; Beach, Receivers, § 51; Pomeroy, Equity Jurisprudence, §§ 171, 1319, 1330; *Miller* v. *Bowles et al.*, 58 N. Y. 253; *Wallace* v. *Pierce-Wallace Publishing Co.*, 101 Iowa, 313 (70 N. W. 216, 63 Am. St. Rep. 389, 38 L. R. A. 122); *People* v. *Weigley*, 155 Ill. 491 (40 N. E. 300).

4. Under our Code the appointment of receivers is an ancillary remedy, in aid of the primary object of litigation, and such relief must be germane to the principal suit, and a proceeding cannot be maintained where the appointment of a receiver is the sole primary object. Neither at law nor in equity is an action permissible in which only the appointment of a receiver is sought.

From the face of the petition it clearly appears that the receivership was the aim and object of this suit and was not ancillary to any relief sought or prayed for in the complaint. Hence, the pleading failed to give the court jurisdiction to appoint the receiver.

Wherefore, the judgment is ordered reversed and the case remanded, with leave to the plaintiff to apply to the lower court for permission to file an amended complaint, and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.