Decided 10 July, 1899.

### ROCKWELL v. PORTLAND SAVINGS BANK.*

[57 Pac. 903.]

APPEAL—FINAL ORDER.—Where a creditor of an insolvent corporation files a petition, praying that the receiver be required to treat the petitioner as a creditor of the corporation, an order denying the petition is appealable as a final order determining the rights of the parties.

From Multnomah : JOHN B. CLELAND, Judge.

Motion to dismiss an appeal.

*Mr. John M. Gearin*, for the motion.

*Mr. Wallace McCamant*, contra.

PER CURIAM.   This is a motion to dismiss the appeal. In November of 1894 Cleveland Rockwell, a stockholder in the Portland Savings Bank, instituted a suit in behalf of himself and other stockholders for the purpose of dissolving the corporation, and winding up its business ; and, pending the suit, a receiver was appointed.   On September 8, 1897, a dividend of five per cent. was declared, and the receiver directed to distribute the same among the creditors of the bank ; and on December 23, 1898, another dividend of four per cent. was declared and ordered paid as before.   On December 24, 1898, the United States Mortgage & Trust Company of New York filed its petition in said cause, showing that it was a creditor of the defendant bank in the sum of $150,000, which principal sum would become due and payable October 4, 1899 ; that the same was secured by a mortgage upon real property of the bank ; that the claim had been duly presented to the receiver, with the request

---

*NOTE.—Subsequently the disputed question was settled out of court and the appeal dismissed.—REPORTER.

that he list the same as one of the valid debts of the defendant bank, but that he had refused to comply therewith. The prayer is that the receiver be required to list said claim, and treat the petitioner as one of the creditors of the defendant bank, and that it be permitted to participate in the dividends theretofore declared and to be thereafter declared and distributed. Upon the trial on the petition the court below dismissed the same, and denied *in toto* the relief prayed for, and gave a decree against the petitioner for the costs of the proceeding, from which it appeals to this court. The receiver now moves to dismiss the appeal upon several grounds, but relies, in the main, upon the one that such order or decree is not appealable. Preliminary to the hearing of this motion the trust company suggested a diminution of the record for the purpose of having certain papers added to the transcript, with a view of showing the nature of the suit in which the receiver was appointed, and the orders made touching the dividends declared. The motion to supply the alleged omission should be allowed, as, without it, this court may not be advised in the premises.

Recurring now to the motion to dismiss the appeal, we are impressed that the order dismissing the petition and denying the prayer for listing the claim of petitioner, so that it might participate in the dividends, is, in its nature, a final order, as it effectually and finally determines its rights to participate in any dividends of the insolvent bank, whether declared before or after the entry of the order, and precludes the possibility of proceeding further in the premises. This being so, the trust company ought not to be required to await the settlement of the receivership, when the funds have all been distributed before it could be permitted to prosecute the appeal.

MOTION DENIED.