## WILDER v. REED.

78 Pac. 1027.

FEES FOR COUNSEL OF RECEIVERS.

1. Receivers ordinarily are allowed to employ counsel to advise them on matters of law, in order to avoid interrupting the court, and the fees of such counsel constitute a part of the expense of the receivership.

APPEALABILITY OF ORDER ALLOWING FEES TO COUNSEL FOR RECEIVER.

2. An ex parte order allowing fees to the attorneys for a receiver is merely interlocutory, and no appeal can be taken therefrom. The order passing on the final report of the receiver is the appealable order, and must be made after notice to creditors: Rockwell v. Portland Sav. Bank, 35 Or. 303, distinguished.

From Multnomah: ARTHUR L. FRAZER, Judge.

Suit by Gardner K. Wilder against W. I. Reed. From an order making an allowance to the receiver's counsel, defendant appealed. The respondent moved to dismiss the appeal.

DISMISSED.

Mr. William Marion Cake for the motion.

Mr. Ralph Roloefson Duniway, contra.

PER CURIAM. This is a motion to dismiss an appeal. A suit was begun to dissolve a partnership and for an accounting, and a decree was rendered therein as prayed for, whereupon a receiver was appointed, who employed counsel to aid him in the discharge of his trust. Prior to the final settlement the attorneys so engaged petitioned the court for an allowance of $250 as compensation for their services, in support of which an affidavit was filed by the receiver, but the transcript does not show that the creditors of the partnership ever had notice of the application. The defendant filed an objection to the petition, supported by affidavits, to which counter affidavits were interposed, and on this issue the court allowed the sum demanded, ordering the receiver to pay it, and the defendant appeals.

In support of the motion under consideration, it is maintained that the order complained of is not final, and cannot be reviewed, except on appeal from the decree settling the receiver's final accounts. A receiver may apply directly to the court appointing him for instruction as to his duty in the care and management of property intrusted to him, but, in order to avoid frequent requests to that source, he may employ counsel to advise

him, and their reasonable fees for the service performed constitute a proper charge to be paid ultimately out of the funds in his hands. When a partnership has been dissolved by a decree, and a receiver appointed, the fees of counsel employed by him do not constitute a claim against the partnership, the life of which has terminated, but an allowance therefor may be made to the receiver as a compensation due him, and not to his counsel: *First Nat. Bank* v. *Oregon Paper Co.* 42 Or. 398 (71 Pac. 144, 971). An action cannot be maintained by an attorney against a receiver in his representative capacity for services performed in advising him as to his duties, so as to be a claim directly against the property in the hands of the receiver: *Joost* v. *Bennett,* 123 Cal. 424 (56 Pac. 43). In that case it was held that all charges for services rendered to a receiver, of whatever kind, were to be allowed by the court to the receiver as a part of his expenses, and not to the claimant, the court saying: "The charges of the plaintiff for services are in this respect exactly like the expenses of administration incurred as an administrator."

2. As the fees allowed by a court for attorneys employed by a receiver are analogous to charges for like services performed for an executor or an administrator, the rule of law applicable to the settlement of a decedent's estate must govern in determining the kind of order sought to be reviewed herein. Ex parte orders of a county court directing an administratrix to pay charges against the estate of an intestate afford her no protection when brought in question and found to be unauthorized: *Osburn's Estate,* 36 Or. 8 (58 Pac. 521, 5 Prob. Rep. Ann. 148). So, too, the fees of an attorney for services performed in the settlement of such an estate constitute a charge against the representative thereof personally, and when, on an ex parte application therefor, any sum is allowed by the county court, its order is interlocutory, and may be set aside or modified by the tribunal making it, or, on its refusal to do so, the circuit or supreme court may on appeal annul or alter the allowance made: *Mills's Estate,* 40 Or. 424 (67 Pac. 107). In the case at bar, no notice of the application for an allowance of counsel fees was given to the partnership

creditors, who were entitled to their day in court, and by reason of this failure the order complained of is only interlocutory.

This conclusion does not contravene the rule announced in *Rockwell* v. *Portland Sav. Bank,* 35 Or. 303 (57 Pac. 903), in which it was held that the refusal of a court to list a claim against a fund in the hands of a receiver, when presented by the claimant, was a final judgment, from which an appeal would lie. In that case the claim sought to be established was not against the receiver personally, but against the defendant corporation, and arose prior to the institution of the suit for its dissolution. The presentation of the claim for allowance was equivalent to the bringing of an independent suit by the claimant against the receiver as the representative of the debtor. In *Baker* v. *Williams Banking Co.* 42 Or. 213 (70 Pac. 711), a receiver reported to the court a list of claims filed with him against an insolvent corporation, upon the hearing of which the demands were allowed and also interest on the obligations that stipulated therefor, but no provision was made for the payment of interest on any other claim. A controversy thereafter arose as to the effect of the court's order, some of the parties contending that the allowance of a claim carried with it interest thereon at the lawful rate from the date of its approval. In deciding that case it was held that as the claim was presented by the receiver, and not by the claimant, the rule invoked was not applicable, nor the order final, as to the rate of interest on the claims that did not stipulate for the payment thereof. The report of a receiver, when filed, is not tantamount to the bringing of an independent suit by a claimant to establish a claim; nor is an order allowing claims listed in a receiver's report a final judgment, so far as it relates to interest, the payment of which is not stipulated for in the obligations evidencing the indebtednesses.

In the case at bar the application for the allowance of counsel fees was not a claim against the partnership, incurred prior to its dissolution, but was a charge against the receiver personally; and, the creditors not having had any notice of the application, the order of the court in allowing it is not final. These considerations lead to a dismissal of the appeal, and it is so ordered.

DISMISSED.