Argued Aug. 13, decided Oct. 1, rehearing denied Nov. 12, 1912.

## ANDERSON *v.* ROBINSON.

(126 Pac. 988.)
(127 Pac. 546.)

**Trusts—Assessment Work—Duty to Perform—Lienors.**

1. Where P. secured title to certain mining claims, in trust for plaintiff and himself, it was his duty to perform the necessary assessment work; and if he failed to do so plaintiff was entitled to have the work done, or, if prevented by defendant, to have a new trustee appointed, or to have the work accomplished by a receiver.

**Receivers—Appointment—Notice.**

2. A receiver should not be appointed ex parte, without notice to the parties to be affected thereby, and before they have had an opportunity to be heard, though there is no statutory provision requiring notice of such application, unless the defendant is out of the jurisdiction, cannot be found, or where delay will jeopardize the delivery of property, or it is important that the court should interfere before there is time to give notice.

**Receivers—Ex Parte Appointment—Objection—Waiver.**

3. A defendant waives any objection to the ex parte appointment of a receiver by acquiescence therein, by failure to interpose a timely objection, by consent to the appointment, or by participating in the proceedings thereafter.

**Receivers—Ex Parte Appointment—Waiver.**

4. A receiver was appointed ex parte on the complaint alone, without other showing. Defendants answered within ten days after service. The case was at issue January 11, 1910. It was referred for the taking of testimony on January 18th, and defendants' testimony was taken by February 1, 1910; but plaintiffs did not complete their testimony until November 30th. Held, that defendants were guilty of no delay in their resistance of the proceedings, which would constitute a waiver of the ex parte appointment of a receiver.

**Mines and Minerals—Relocation—Assessment Work.**

5. Where defendant had almost continuously worked mines in controversy from February 15, 1908, until May 10, 1909, when plaintiffs took possession and dispossessed her, defendant being

in possession January 1, 1909, performing work, the claims were not subject to relocation; and work thereafter performed would apply on the work required for 1909.

**Mines and ‘Minerals—Assessment Work—Value.**

6. The value of assessment work done on mining claims by hydraulic washing is not determined by the wages of the man holding the nozzle, but by the result accomplished, including the value of the use of the plant comprising the water rights, ditches, pipe lines, giants, etc.

**Receivers—Appointment—Jurisdiction.**

7. Where a receiver of certain mining property was appointed by the court ex parte, without proof of any facts, and the evidence produced on the final trial failed to sustain the complaint, the order was void, and his acts thereunder were void.

**Receivers—Invalid Appointment—Approval of Acts and Expenditures.**

8. Where an order appointing a receiver was void, subsequent orders approving his acts, allowing and approving his expenditures, and authorizing him to issue receivership certificates therefor, were erroneous.

**Appeal and Error—Interlocutory Orders—Receivers.**

9. Orders denying a motion to vacate the appointment of a receiver, overruling objections to his account, and authorizing the issuance of receiver's certificates for money actually furnished and paid out by the receiver, are interlocutory and not separately appealable, being reviewable on appeal from the final decree under appropriate assignments of error, under Section 558, L. O. L.

**Receivers—Appointment—Notice.**

10. Facts constituting such an emergency as will justify the appointment of a receiver without notice to the opposite party must be shown; mere conclusions not being sufficient.

**Receivers—Action for Appointment—Burden of Proof.**

11. In a suit praying for the appointment of a receiver to do assessment work on certain mines in which plaintiff claimed a beneficial interest, the burden was on plaintiff to show that the assessment work for the year was not done.

**Evidence—Hearsay—Affidavits.**

12. An affidavit that plaintiff has in his possession the affidavits of three men to the effect that certain mine assessment work was not done for a certain year is not evidence of such fact.

**Receivers—Notice of Appointment—Failure to Give Notice— Excuse.**

13. That plaintiff waited until the last moment before beginning a suit for the appointment of a receiver, so that there was not sufficient time to give notice of the application to defendant, who had not been served with summons, was not a sufficient excuse for his failure to give such notice to defendant.

From Josephine: FRANK M. CALKINS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by T. K. Anderson, T. K. Anderson as administrator of the estate of H. A. Williamson, deceased, and Albert Phillips, against Emma G. Robinson and Grant Phegley. This suit in its purpose was ancillary to other cases pending between the same parties in interest. For a statement of the facts, see the same title in 54 Or. 102 (102 Pac. 603), and in 57 Or. 172 (109 Pac. 1118: 110 Pac. 975).

At the time of the commencement of this suit, plaintiffs claimed no interest, except by judgment liens on the property in question. However, it is adjudged in the former suit that the liens were merged in the trust title. Pending the appeal in the main case, plaintiffs brought this suit on December 23, 1909, alleging that the paramount title to the various mines involved was in the United States, and that they were in the possession of the defendants, who were not performing the assessment work thereon for the year 1909; that plaintiffs' interest therein, evidenced by their judgment liens, will be lost to plaintiffs if the work is not completed before January 1, 1910; and they pray—

"For the immediate appointment of some suitable person as receiver, and that he be authorized to take

charge at once of said properties and make, under the direction of the court, a sufficient loan upon the face and credit of said properties, and as a first lien thereon, to enable him to do the necessary assessment work upon said claims to hold the same for the year 1909."

On December 27th, based upon the allegations of the complaint, the court made an *ex parte* order appointing Mr. Dan Green as received, as prayed for. The order, among other things, directed that he—

"Forthwith take possession of said properties and handle and manage the same for the remainder of the year 1909 and until the further order of the court; and he is' hereby authorized and directed to do and perform with all convenience and dispatch the required amount of annual assessment work upon said mining claims to preserve and protect the title thereto, and to that end the defendants, and each of them, their agents, servants and employees, are herein directed to deliver to said receiver, upon his qualification, all the property in their possession or under their power and control, or either of them. * * It is further ordered, adjudged, and decreed that the said receiver be, and he is hereby, authorized and directed, if possible, to negotiate a loan in his name, as receiver, for an amount sufficient to do said assessment work, including the repair of all reservoirs and dams belonging to the water rights appurtenant to said properties, and to issue a receiver's certificate for said amounts of money necessary to do said work, upon the best time and terms that he may be able to secure, to such person, or persons, or corporations as may be willing to furnish the same; and said receiver's certificate or certificates shall be and hereby are made a first lien and charge upon all said properties, real and personal, paramount and superior to any mortgage, judgment, or other liens thereon. * * "

The summons in the suit was not served on Miss Robinson until December 29, 1909, and on defendant Phegley on December 31, 1909. Defendant Robinson filed her answer on January 8, 1910, denying the necessity for a receiver, and denying that the assessment work for 1909 had not been done, alleging that it had

been performed by her. The receiver claimed to have expended more than $4,000, and filed his final account on March 14, 1911, to which defendant filed objections. On August 21, 1911, the case having been finally submitted to the court on the evidence, findings and judgment were rendered in favor of plaintiffs, from which defendant Robinson appeals.                REVERSED.

For appellant there was a brief over the names of *Messrs. Teal, Minor & Winfree,* with an oral argument by *Mr. A. B. Winfree.*

For respondents there was a brief over the names of *Mr. O. S. Blanchard* and *Mr. George H. Durham,* with an oral argument by *Mr. Durham.*

Opinion by MR. CHIEF JUSTICE EAKIN.

The pleadings tender but one issue, the necessity for a receiver, and involve the validity of the order appointing the receiver. The title to the property was in Phegley, in trust for the benefit of plaintiffs and himself. Robinson has succeeded to Phegley's interests, the title remaining in Phegley, and she defends alone.

1. Under the contract by which Phegley secured title to the property, it was his duty to perform the assessment work on the mining claims for the year 1909, and plaintiffs had a right to demand its performance to protect their interests. Whether that duty shifted to plaintiffs when they took possession of the property in May, 1909, and excluded defendant therefrom, need not now be decided. As suggested in 57 Or. 184 (109 Pac. 1118: 110 Pac. 975), if defendants were neglecting that duty, plaintiffs had the right to cause it to be done, or, if prevented by defendants, one of whom held the title as trustee, to have the trustee removed and another one appointed; and the right to accomplish the same result by the appointment of a receiver, as was attempted by this suit, is not questioned. But defendant contends that

the court was without power or jurisdiction to make the appointment upon the showing made, and without notice to defendant. The order was not made as an interlocutory order, or provisionally in a suit or action, but was a permanent appointment, with authority to accomplish the whole purpose of the suit. It was the only relief sought, as will be seen from the prayer of the complaint and the portion of the order above set out; and thus plaintiffs obtained the whole relief desired by the suit before the service of summons or other notice to defendants.

2. It may be stated as a general rule that a receiver should not be appointed *ex parte,* without notice to the parties to be affected thereby, and before they have had an opportunity to be heard in relation to their rights; and even though there is no provision in the statute requiring notice of the application for the appointment of a receiver, under the rules of equity in matters of appointment of receivers, which govern when not inconsistent with the statutes on the subject, such notice should be given. 34 Cyc. 117.

3. There may be exceptions to this rule, such as where the interested party is out of the jurisdiction, or cannot be found, or where delay will jeopardize the delivery of the property, or where it is important that the court should interfere before there is time to give notice. In such cases a temporary appointment should be made until a hearing can be had. 34 Cyc. 121, 122. Plaintiffs do not seriously contest this statement of the law, but urge that defendant has waived the irregularity of the appointment by failure to object. A defendant may be held to have waived any objection to an *ex parte* appointment by acquiescence therein, by failure to interpose a timely objection thereto, or by consenting to the appointment, or by participating in the proceeding thereafter. 34 Cyc. 162. Defendants have done none of these things.

4. The complaint is the only showing upon which the appointment was made. The defendant answered within ten days after service of summons. The case was at issue on January 11, 1910, and by consent the case was referred for the taking of testimony on January 18th, and all the testimony on defendants' part was taken on January 20 and February 1, 1910, although plaintiffs did not complete their testimony until November 30th, so that defendant was guilty of no delay in her resistance to the proceeding; nor did she waive any irregularity in the appointment, and the appointment of a receiver was error. See *Salling* v. *Johnson,* 25 Mich. 489. To the same effect are *Cummings* v. *Steele,* 6 Idaho, 666 (59 Pac. 15); *State* v. *Clancy,* 20 Mont. 498 (52 Pac. 267); *State* v. *Dearing,* 184 Mo. 647 (84 S. W. 21).

5. Secondly, it is contended by defendant that, at all events, there was no occasion for an appointment of a receiver; that plaintiffs did not establish that she had neglected to do the assessment work of 1909, or that she was in default in that regard. It appears that defendant was almost continuously working the mines from February 15, 1908, until May 10, 1909, when plaintiffs took possession and dispossessed her. It is not important whether the assessment work for 1908 was completed or not. Defendant was in possession on January 1, 1909, performing work, and therefore the claims were not subject to re-location; and work performed thereafter would apply on the assessment work for the year 1909.

6. The testimony tends to show that work was being done on each of the three groups of mines by means of hydraulic giants for about four months prior to May, 1909, although each group was not worked continuously, when plaintiffs wrongfully ousted defendant from possession and held it until September 21, 1909. Defendant resumed possession on December 10, 1909, and began

work, and when the receiver was appointed she was again ousted from the property.

7, 8. With the evidence before us, it does not satisfactorily appear that the assessment work for the year 1909 had not been fully performed by the defendant. The testimony of plaintiffs' witnesses on that issue is not of specific facts, but guesses, estimates, and hearsay, and such estimates are based upon a wrong theory. The value of the work done by hydraulic washing is not determined by the wages of the man who holds the nozzle, but by the result accomplished. The value of the use of the plant, including the water rights, ditches, pipe lines, giants, which contribute more to the result than the manual labor, must be included. When the appointment of the receiver was made, there was no proof of facts before the court. There was an issue upon which defendant had a right to be heard, and when the evidence was produced at the final trial it failed to sustain the complaint, and upon both grounds the order appointing the receiver was void, and his acts thereunder were unauthorized and void.

"If the court is without jurisdiction to appoint a receiver, the order is void, and may be attacked or disregarded. * * The right to possession in the character of receiver cannot be enforced or defended under it. * * " 34 Cyc. 168.

The orders of the court approving his acts and allowing and approving the expenditures made, and authorizing him to issue receiver's certificates therefor, were unauthorized, and were error.

9. Defendant has appealed separately from the order of September 27, 1911 (Abstract, page 26), and the one of June 2, 1911 (Abstract, page 33), and plaintiffs have moved this court to dismiss the two appeals, for the reason that the transcripts were not filed within the time allowed by law. It is unnecessary to consider

these motions, for the reason that the orders are intermediate, and are reviewable upon appeal from the final decree, in which decree they are assigned as errors. Section 558, L. O. L.; 2 Cyc. 611; *Basche* v. *Pringle,* 21 Or. 24 (26 Pac. 863) ; *Clay* v. *Clay,* 56 Or. 538, 542 (108 Pac. 119: 109 Pac. 129) ; *Sears* v. *Dunbar,* 50 Or. 36, 40 (91 Pac. 145) ; *State* v. *Portland General Electric Co.,* 52 Or. 513 (95 Pac. 722: 98 Pac. 160).

The decree of the lower court will be reversed and the suit dismissed.        REVERSED: SUIT DISMISSED.

---

Decided November 12, 1912.

## ON PETITION FOR REHEARING.

(127 Pac. 546.)

Opinion by MR. CHIEF JUSTICE EAKIN.

It is contended in the motion that the order appointing the receiver is a final order, and therefore appealable, and that the motion to dismiss the appeal should have been sustained for the reason that the transcript had not been filed within the time allowed by law. The appointment having been made *ex parte* prior to the service of the summons, and upon an insufficient showing, it was void as to the defendant; and the subsequent orders were not final, at least as to her, but were merged in the final decree and reviewable on the appeal therefrom, if not otherwise reviewed on appeal. *Oldland* v. *Oregon Coal & Nav. Co.,* 55 Or. 340 (99 Pac. 423: 102 Pac. 596) ; High, Receivers (4 ed.), Sections 25, 26; *Wilder* v. *Reed,* 46 Or. 54 (78 Pac. 1027) ; *Clay* v. *Clay,* 56 Or. 538 (108 Pac. 119: 109 Pac. 129.

It is also urged that the defendant waived any defects in the appointment. No mention is made of the acts constituting such waiver, except her inaction. By her answer she denied plaintiff's right to a receiver and

contested every fact upon which the appointment was made, and has not consented to nor acquiesced in any act of the receiver. This was notice to the plaintiff that he must act at his peril, and he cannot now complain that she should have done more. Defendant can only be estopped as to acts encouraged by her or the benefits of which she accepted. There was no duty upon her to act until the time to file her answer, and she had no opportunity to appear sooner.

10. Except in cases of the greatest emergency, notice must be given to the person in possession of the property, and the facts constituting such emergency must be shown. Conclusions are not sufficient. High, Receivers, Section 111, *et seq.* Counsel quote from High, Receivers, Section 37, to the effect that where the parties are before the court upon the appointment of a receiver, and have the right to object, if no objection is made, they will be deemed to acquiesce in the appointment; but we have no such condition here. Defendant was not before the court, and had no notice of the application nor opportunity or right to be heard. High, Receivers, Section 17, says that the suit must be actually pending; that the person whose property it is sought to place in the receiver's hands must be a party to the suit in order that he may have an opportunity of resisting the application. It is said in *Vila* v. *Grand Island Electric Light Co.,* 68 Neb. 222, 240 (97 N. W. 613, 616: 63 L. R. A. 791: 110 Am. St. Rep. 400: 4 Ann. Cas. 59), that receivership proceedings belong to a class of remedies which are wholly ancillary or provisional, and in aid of the primary object of the litigation, and are not permissible as the sole and primary object of the suit; that is, where the suit is instituted wholly for that purpose, unless authorized by statute. See, also, *Mann* v. *German-American Investment Co.,* 70 Neb. 454 (97 N. W. 600). In the latter case, it is conceded that the action pending

must be an action for some relief or the enforcement of some right other than the mere appointment of a receiver.   Smith, Receivers, Sections 371, 373, 376, and authorities cited; High, Receivers, Section 17; *State v. Ross,* 122 Mo. 435 (25 S. W. 947: 23 L. R. A. 534).   And the inaction of the defendant in a proceeding in which the sole purpose of the suit is the appointment of a receiver with power to create a large indebtedness against the property, for the payment of which it may be immediately sold, cannot constitute a waiver of errors or jurisdiction.

Again, it is contended that the court improperly found that the assessment work for the year 1909 had been performed by the defendant; but the court does not so find.   It holds that it does not satisfactorily appear that the assessment work was not done.

11. The burden was upon the plaintiff to establish this fact before he was entitled to a receiver.   No evidence of that fact was offered until the trial upon the merits, and that does not give proof of specific facts from which the court could find that the work had not been done.

12. The application upon which the appointment was made is verified by the defendant to the effect that it is true as he verily believes, and he submits, at the same time, his affidavit to the effect that he had in his possession affidavits of three men to the effect that the assessment work for the year 1909 had not been done, which is not even hearsay evidence of any facts.

.Plaintiff contends that an emergency existed for the appointment of a receiver without notice to the defendant, but no such contention was made in the application for the appointment.

13. In the motion for rehearing he says that he waited until the last moment before beginning the suit, and therefore there was not sufficient time to give notice,

although he had been in possession of the property a considerable time prior thereto and knew the conditions. This can constitute no excuse for failure to give notice to the defendant, who had not even been served with summons.

We adhere to the former opinion.   Motion denied.

REVERSED : SUIT DISMISSED :

REHEARING DENIED.