Argued June 1, motion to dismiss denied July 12, reversed and remanded July 12, 1921.

## SCANDINAVIAN-AMERICAN BANK *v.* WENTWORTH LUMBER CO. ET AL.

(199 Pac. 626.)

**Appeal and Error—Objection of Persons Appealing not Being Parties Held Raised too Late by Motion to Dismiss Appeal.**

1. The court which in an action at law appointed a receiver having on notice to the plaintiff and receiver, and without objection, entertained on the merits a motion by third persons for an order turning over to them, pursuant to an assignment by defendant, the funds in the hands of the receiver after paying the claims of plaintiff, the receiver, and his attorney, motion of the receiver, to dismiss the appeal of such persons from an adverse adjudication, on the ground that they were not parties to the cause and that they should have brought an action against the receiver, raises the question too late.

**Receivers—Claims Against may be Entertained on Motion Without Action.**

2. The court which appoints a receiver may entertain a claim against him by motion without requiring resort to action, and this without a formal order of intervention being entered.

ON THE MERITS.

**Corporations—Appointment of Receiver in Action by Single Creditor Held not for All Creditors, so That Assignment of Assets by Corporation is Valid.**

3. Appointment of a receiver under Section 1108, subdivisions 4, 8, Or. L., for preservation of the property of a defendant corporation in an action at law against it by a single creditor, cannot be considered as one for all the creditors, so that an assignment by the corporation, in good faith and for a valuable consideration, of the assets in the hands of the receiver after payment of the claims of plaintiff, the receiver, and his attorney, is valid; such assets, though in the receiver's hands, remaining the property of the defendant subject to the rights of such receivership.

From Multnomah: Robert G. Morrow, Judge.

Department 2.

On May 10, 1919, the plaintiff, Scandinavian-American Bank, commenced an action against defendant, Wentworth Lumber Company, upon a promissory note for $1,300, and to recover a balance of about $250 on a bill of exchange. In January, 1920, plaintiff dismissed the action on a note for $1,300. The demurrer to the cause of action on the bill of exchange having been overruled, the defendant, Wentworth Lumber Company, failed to answer further. A receiver was appointed in that action to protect the property of the corporation, and to conserve and protect the interest of its creditors. On January 24, 1920, the Wentworth Lumber Company executed and delivered to W. E. Richardson and S. T. Richardson, its attorneys, an assignment and transfer of the balance of the funds in the hands of the receiver after the payment of the claims of plaintiff, the receiver and his attorney. Due notice of such assignment was given on January 26, 1920, to plaintiff and the receiver. On March 22, 1920, the Richardsons filed their motions for an order of the court requiring the plaintiff, the receiver and his attorney to present their claims to the court for settlement, and that the

residue in the hands of the receiver after the payment of such claims be ordered turned over to them. Due notice of this motion was given to plaintiff, the receiver and his attorney, as well as to the general creditors of defendant who were not parties to this action, but who requested that they be heard. This motion was heard on May 13, 1920. All of the persons notified were present, and were heard on the motion. The court overruled the motion, stating in the orders therefor, as follows:

"Thereupon W. E. Richardson and S. T. Richardson exhibited to the court the original assignment executed by the Wentworth Lumber Company, a copy of which is attached as Exhibit 'A' to their said motion, and then and there offered to call the secretary of the Wentworth Lumber Company and produce original records of the Wentworth Lumber Company to show that the board of directors thereof at a meeting thereof duly called for that purpose, and upon due notice of all the members thereof of said meeting, did, by a majority of all the members of said board of directors duly had and taken, order and direct that the said assignment exhibited to the court be made; and directed the president of the Wentworth Lumber Company, C. H. Leadbetter, to execute said assignment in the name and as the act and deed of the Wentworth Lumber Company to W. E. Richardson and S. T. Richardson and to deliver said assignment to them. But said offer was denied for the reason that the good faith and regularity of said assignment was conceded and not questioned. That the real question raised by this motion was whether or not the appointment of the receiver of the defendant in this cause, who is a private corporation, is a receiver whose duties are to collect together the assets of the defendant to hold for the sole advantage of the plaintiff to satisfy such judgment as it may obtain and the costs of this cause, or whether such funds should be distributed *pro rata* to all creditors of defendant. That if said receiver has the power only to hold the

assets of the defendant for the satisfaction of such judgment as plaintiff may recover in this action, and the costs and expenses of this cause; then that the motion of said W. E. Richardson and S. T. Richardson should be allowed: but if such funds are for the benefit of all creditors of the defendant and held by the receiver for distribution amongst all creditors of defendant, then that said motion should be disallowed.''

The court ordered the receiver to give notice to creditors of defendant lumber company to present their claims to the receiver with a view to the disposition of the funds *pro rata* among all of the creditors. The Richardsons appealed from the order to this court.                REVERSED AND REMANDED.

For appellants there was a brief over the name of *Mr. W. E. Richardson,* with an oral argument by *Mr. S. T. Richardson.*

For respondent there was a brief over the names of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For the receiver there was an oral argument by *Mr. M. B. Meacham.*

BEAN, J.—The receiver, A. O. Whitcomb, moves to dismiss the appeal for the reason that the Richardsons, the appellants, were not parties to the cause. The motion was held in abeyance until the argument on the merits.

Section 549, Or. L., provides that: "Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom." Section 548, Or. L., provides that: "An order affecting a substantial right, and

which in effect determines the action or suit so as to prevent a judgment or decree therein, * * , for the purpose of being reviewed, shall be deemed a judgment or decree.''

Appellants submit that a person does not necessarily have to be a party to an action to be a party to the judgment; that it is sufficient that he or his property is bound thereby, citing, 1 Freeman on Judgments (4 ed.), Section 174. It appears that the real question is whether the appellants would be compelled to commence an independent action against the receiver in order to assert their claim to the funds in question instead of applying to the court which appointed the receiver. A receiver is an officer of the court, and ordinarily cannot be sued without permission of the court. As stated in High on Receivers (4 ed.), page 293, Section 254, ''the rule is established for the protection of receivers against unnecessary and expensive litigation, and in most instances a party aggrieved may have ample relief by application on motion to the court appointing the receiver.''

1, 2. It would not be consistent with good procedure, in a case where a receiver has been appointed, to compel parties making claims to various portions of the property in the hands of a receiver to commence separate actions therefor. The appellants presented their claim to the court, and it was adjudicated adversely to them. This appears to have been done without any objection on the part of plaintiff, and the judgment is apparently binding upon all parties to that action. We think the question is raised too late by the receiver, who is not a party to this action, by presenting the same upon this appeal. Whether a formal order of intervention was entered by the trial court or not is not decisive of the question whether

the appellants were proper parties to the judgment. Third persons may become parties to an action by motion or such other way as in the discretion of the trial court may seem proper: High on Receivers (4 ed.), p. 162, § 139; *Davis* v. *Gray,* 16 Wall. 203 (21 L. Ed. 447); *Emphringam* v. *Short,* 3 Hare (25 Eng. Ch. Rep.), 461, 470; *Noe* v. *Gibson,* 7 Paige Ch. (N. Y.) 513, 515, 516. See, also, *Ambrose* v. *Brown,* 42 App. Cas. (D. C.) 25, 30; *Ratcliff* v. *Adler,* 71 Ark. 269 (72 S. W. 896). It is stated in Alderson on Receivers, Section 521, page 717, thus:

"The trial of a case against a receiver by the appointing court is equivalent to a direct authorization of its institution, and the necessity of formal leave to bring the suit is avoided."

The motion to dismiss is denied.

### ON THE MERITS.

3. It should be remembered that, besides the cause of action which was dismissed, this action was commenced to recover the sum of about $250. It is conceded, in so far as this appeal is concerned, that the receiver could care for the property of the defendant lumber company and pay the claim of plaintiff. Appellants submit that the court was without authority to treat the receiver as one for all the creditors, and that the creditors, other than the plaintiff, had no lien upon or right to the property of the defendant lumber company, prior or superior to their assignment. It is a well-established general rule that the appointment of a receiver is an ancillary remedy in aid of the primary object of a litigation between the parties, and such relief must be germane to the principal suit: 34 Cyc. 29; 23 R. C. L., p. 11, § 5. We fail to find any authority for the Circuit Court in an action at law to recover the sum of two or three

hundred dollars to appoint a receiver for all of the creditors of a corporation. The general creditors of the corporation were not parties to the action. The primary object of the action was not the securing of their claims or the appointment of a receiver. It was not commenced on behalf of the other creditors. After the commencement of the action an affidavit was made on behalf of plaintiff showing that the defendant, Wentworth Lumber Company, was operating a certain sawmill under a lease; that the president did not properly dispose of some of the lumber or care for the same; that the corporation was indebted to plaintiff in certain sums and, as affiant was informed and believed, the defendant owed other large sums of money; that the assets of defendant corporation consist of unsold lumber and unpaid stock subscriptions; that the president was incompetent to manage the affairs of the corporation; and that the corporation was in imminent danger of insolvency and its property in danger of loss. No estimate is made of the value of the assets of the corporation. While it may be true that the officer of the plaintiff is of the opinion that the lumber business can be better transacted by the court through a receiver than if managed by the defendant, no reason is shown for putting the affairs of the defendant corporation in the hands of a receiver for the benefit of its creditors. If such a proceeding in an action at law could be maintained, the principal part of the time of the courts of this state would be occupied in conducting different kinds of business of corporations by means of receiverships. Such an appointment is not authorized by our statute. Section 1108, Or. L., subdivisions 4 and 8, provides as follows:

"A receiver may be appointed in any civil action, suit, or proceeding, other than an action for the recovery of specific personal property:— * *

"4. In cases provided in this Code, or by other statutes, when a corporation or co-operative association has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights; * *

"8. When a corporation or co-operative association has been dissolved or is insolvent or in imminent danger of insolvency and it is necessary to protect the property of the corporation, or co-operative association, or to conserve or protect the interests of the stockholders of [or] creditors."

The appointment of a receiver is usually the province of a court of chancery. The distinction between an action at law and a suit in equity is still maintained in this state. The appointment of the receiver to preserve the property of the defendant to pay the claim of plaintiff was of no more force than an attachment and the taking of possession of defendant's property by means thereof. When that purpose is attained the jurisdiction of the court further to administer the affairs of the defendant corporation will have ceased. Where property is in the custody of the law, whether under attachment or by a receivership, the property remains the property of the defendant subject to the rights of such attachment or receivership, and the defendant, Wentworth Lumber Company, could dispose of such right by assignment to the appellants in payment of legitimate claims for attorneys' fees: 3 Am. & Eng. Ency. of Law (2 ed.), 215, 216. There is no showing or contention but what the assignment was made in good faith and for a valuable consideration. Neither the amount of the claim of the appellants nor the amount in the hands of the receiver is disclosed or estimated

in the record.  Therefore the assignment, so far as appears, is valid.  Of course an assignment of a large sum of money out of proportion to a reasonable claim for attorneys' fees would not be sanctioned by a court.

The purpose of a receiver is to preserve the property pending the litigation so that the relief awarded by the judgment, if any, may be effected.  The jurisdiction of the court to make the appointment of a receiver necessarily presupposes that an action is pending before it, instituted by someone authorized by law to commence it.  We find no statutory authority in this state which confers upon a private person, whether as a creditor or otherwise, the right to maintain an action at law to dissolve or settle the affairs of a corporation upon the ground that it is insolvent or liable to be insolvent, or to obtain relief by seizing the property of the corporation out of the hands of its constituted management and placing it in the hands of a receiver for the benefit of general creditors not parties to the action: High on Receivers (4 ed.), p. 385, § 314; *French Bank Case,* 53 Cal. 495, 553.  The statutes of some of the states, notably New York, make different provisions than those contained in our statute.

As a rule a solvent corporation will not be put into the hands of a receiver on account of a debt not reduced to judgment or secured by any lien of the property of the corporation.  It should usually be shown that applicant for the appointment has exhausted his legal remedies, or that the circumstances are such that there is danger of a waste or loss of property which otherwise would be available for the payments of the debts of the corporation, and which could not be availed of as satisfactorily in any other

manner. This remedy is regarded as one of last resort: 23 R. C. L., p. 20, § 14. To justify the appointment of a receiver at the instance of general creditors the circumstances should be set forth in a complaint in equity showing the manifest propriety and fitness to place the funds or property of the defendant in the custody of the court, and where the circumstances so fail to manifest a receiver should be refused: 23 R. C. L., p. 27, § 22.

Counsel for the receiver cites and relies upon the case of *Re Assignment of Hamilton,* 26 Or. 579 (38 Pac. 1088). This was a suit for the dissolution of a partnership, and for the appointment of a receiver to take charge of the firm assets and wind up its affairs, where a general assignment was made for the creditors. Such cases are not in point.

We do not hold that an assignment can be made by the debtor so as to transfer a part of the funds of such debtor, in a suit regularly brought for the benefit of creditors, to sequester the funds of a defendant for the payment *pro rata* of the debts of a concern after a general assignment is made, or a receiver is duly appointed to preserve the property involved.

Our statute was not intended to supplant bankruptcy laws. As a general rule insolvency statutes are suspended by the bankruptcy law and made inoperative during the time such bankruptcy law exists: *Pelton* v. *Sheridan,* 74 Or. 176 (144 Pac. 410); *Hickman* v. *Parlin-Orendorff Co.,* 88 Ark. 519, 520 (115 S. W. 371); 1 Fed. Stats. Ann., p. 555; *In re Maplecroft Mills,* 218 Fed. 659.

The facts recited in the order of the court show that the general creditors, other than the plaintiff, had no valid lien or claim upon the property or funds of the defendant lumber company at the time of the

assignment to appellants. The judgment rejecting the claim of appellants is reversed, and the cause remanded for such further proceedings as may be deemed proper, not inconsistent herewith.

REVERSED AND REMANDED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.