Argued December 1, affirmed December 15, 1925.

## WM. H. TAYLOR FINANCE CORPORATION v. OREGON LOGGING & TIMBER COMPANY.

(241 Pac. 388.)

**Receivers—Court of Equity, in Absence of Statutory Provisions, will not Take Jurisdiction of Suit Brought Solely for Appointment of Receiver.**

1. If sole object of suit is appointment of receiver, a court of equity, in absence of statutory provisions allowing such suits, will not take jurisdiction, in view of Section 1108, Or. L.

**Judgment — In Complaint Containing Both Special and General Prayer, Latter is Sufficient to Support Any Decree Warranted by Allegations of Complaint.**

2. In complaint containing both special and general prayer, latter is sufficient to support any decree warranted by allegations of complaint, and the special prayer may be disregarded if the allegations warrant relief under the general prayer; only limitations being that decree must conform to allegations and proof, and relief granted be consistent with the special prayer.

**Receivers—When Appointment of a Receiver is Proper as not Being Sole Object of Suit Stated.**

3. In cause of action entitling plaintiff to some relief other than under prayer for appointment of a receiver, appointment is proper as not being sole object of suit.

**Receivers — Determination of Propriety of Appointing Receiver Involves Resort to Allegations of Complaint and to Those in Cross-complaints Filed.**

4. Determination of propriety of appointing receiver involves resort to allegations of complaint and to those in cross-complaints filed.

**Receivers — Trial Court not Required to Await Final Hearing of Cause Before Appointing Receiver, Where Material Facts Undisputed.**

5. Trial court was not required to await final hearing of cause before appointing a receiver, where there was no dispute as to material facts.

---

1. When appointment of receiver is proper, see note in 72 **Am. St. Rep.** 29.

Equitable right to appointment of receiver, in action maintained solely for such relief, see note in 4 **Ann. Cas.** 66. See, also, 23 **R. C. L.** 11.

Corporations—Appointment of Disinterested Person as Receiver to Preserve Corporate Property Held Proper.

6. Where complaint in stockholder's suit alleged inactivity of corporation, its cessation of corporate functions, and abandonment of board of directors, it was duty of trial court to appoint disinterested receiver to preserve property and to protect interests of stockholders, until election of legal board- of directors and other proper officers and resumption of exercise of corporate powers.

Receivers—Appointment of Receiver Inherent in Court of Equity— Receivership is Invocable When Fund in Existence has No Competent Person Entitled to Hold It.

7. Appointment of receiver is inherent in court of equity, and is invocable whenever there is an estate or fund in existence and no competent person entitled to hold it.

Appeal and Error—Order Appointing Receiver Held not Appealable.

8. An order appointing a receiver which did not affect a substantial right nor determine the action or suit so as to prevent judgment or decree therein, within Section 548, Or. L., *held* unappealable.

---

Appeal and Error, 3 C. J., p. 575, n. 65.
Corporations, 14 C. J., p. 949, n. 31, p. 955, n. 76.
Equity, 21 C. J., p. 388, n. 59, p. 671, n. 9, p. 679, n. 67, p. 680, n. 69, p. 682, n. 76, p. 683, n. 79, p. 685, n. 3.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

AFFIRMED.

For intervener and appellant Calvin H. Hill there was a brief and oral argument by *Mr. Sidney J. Graham.*

For intervener and respondent A. G. Palmer there was a brief and oral argument by *Mr. J. Thorburn Ross.*

---

6. Deadlock in affairs of corporation as ground for appointment of receiver, see note in Ann. Cas. 1914B, 240.

Appointment of receiver of corporation to protect creditors, see notes in 20 L. R. A. 214; 39 L. R. A. (N. S.) 1043. See, also, 23 R. C. L. 24.

For respondent Oregon Logging & Timber Co. there was a brief and oral argument by *Mr. W. Lair Thompson.*

For respondent there was a brief over the name of *Messrs. Clark, Skulason & Clark.*

RAND, J.—This suit was instituted by plaintiff, the Wm. H. Taylor Finance Corporation, against defendant, the Oregon Logging and Timber Company, an Oregon corporation, which has its principal office and place of business at Portland, Oregon. The defendant has a large number of stockholders of which the plaintiff is one. The prayer of the complaint is for the appointment of a receiver, and for such other and further relief as is just and equitable in the premises. A. G. Palmer and Calvin H. Hill, who are also stockholders of the defendant corporation, separately intervened and filed separate answers in the nature of cross-complaints. Palmer prayed for the appointment of a receiver and Hill objected thereto. Upon the allegations and admissions of the pleadings alone, and without a hearing upon the merits, the court, over the objections of Hill, appointed G. M. McDowell and Virgil A. Crum as receivers of the defendant corporation and its property, and from this order Hill appeals.

1. Basing his contention upon the fact that the only special relief prayed for in the complaint is the appointment of a receiver, the intervener Hill contends that the appointment of a receiver was the sole object of the suit, and that because that was the sole object of the suit the court below had no jurisdiction to make such appointment. It is a well-settled principle of equitable jurisprudence that

if the sole object of a suit is the appointment of a receiver, a court of equity, in the absence of statutory provisions allowing such suits, will not take jurisdiction of a suit brought for that purpose alone and appoint a receiver: 1 Tardy's Smith on Receivers (2 ed.), § 14. There are no statutory provisions in this state which authorize the bringing of a suit for the sole purpose of having a receiver appointed, and the principle just referred to is sustained by the following decisions: *McNary* v. *Bush,* 35 Or. 114 (56 Pac. 646); *Stacy* v. *McNicholas,* 76 Or. 167 (144 Pac. 96, 148 Pac. 67); *Anderson* v. *Robinson,* 63 Or. 236, 126 Pac. 988 (127 Pac. 546); *Scandinavian-American Bank* v. *Wentworth Lbr. Co.,* 101 Or. 158 (199 Pac. 626); *Cook* v. *Leona Mills Lbr. Co.,* 106 Or. 520 (212 Pac. 785); *State ex rel.* v. *Alameda Consolidated Mines Co.,* 107 Or. 18 (212 Pac. 789). See, also, Section 1108, Or. L.

2. Ordinarily, in a suit in equity a special prayer is inserted in the complaint,—followed by a general prayer. Where a complaint contains both a special and general prayer, the prayer for general relief is sufficient to support any decree warranted by the allegations of the complaint, and the special prayer may be disregarded if the allegations warrant relief under the general prayer. The only limitation upon this rule seems to be that the decree must conform to the allegations and proof, and the relief granted must be consistent with the special prayer. See Bouvier's Law Dict., subject "Prayer," and authorities there cited.

3, 4. The complaint under consideration here contains a prayer for both special and general relief. The special relief prayed for is · the appointment of a receiver, and that one John H. Haak be ap-

pointed as such,—following which is the prayer for general relief. The particular relief requested by plaintiff in the special prayer is not at all decisive of whether the appointment of a receiver was the sole object of the suit, for if, under the allegations of the complaint, plaintiff states a cause of suit which entitles it to some relief other than the mere appointment of a receiver, then the appointment of a receiver cannot be the sole object of the suit, and the appointment could not be made except as an aid in obtaining such relief. In such case, the appointment of a receiver would be ancillary to the main object of the suit and a mere provisional remedy. This question, therefore, must be determined, not by the prayer for special relief but from the allegations of the complaint, and, since there were cross-complaints filed, the allegations contained in them must also be considered. See 1 Tardy's Smith on Receivers (2 ed.), § 14.

It appears from the allegations of the complaint and cross-complaints that the defendant corporation was incorporated under the laws of this state in 1906; that it is authorized by its articles of incorporation to acquire, hold, operate and dispose of timber lands; that it has acquired and now owns 16,177 acres of timber land which is situate in Tillamook County, Oregon, and is of the value of more than $2,500,000; that there is more than one billion feet of merchantable timber thereon; that the timber has passed its maturity and from year to year is becoming less valuable for lumber purposes; that it is each year subject to fire hazards; that over 4,000 acres thereof have been recently burned over which makes it necessary that that portion be cut and disposed of in the immediate future; that it is

necessary to patrol the land in order to guard against future fires; that a part of the trees has become infected by disease, and that this disease is spreading; that taxes have been assessed and levied against the land which amount to about $45,000 and are due and unpaid; that the corporation owes other indebtedness and has no funds; that its former president, Wm. H. Taylor, has transferred all of his stock, and, upon ceasing to be a stockholder, ceased to be a director by force of the statute; that the by-laws provide that the president must be a director; that the corporation has no president; that Cyrus D. Jones, of Scranton, Pennsylvania, was at one time vice-president but has resigned and there is now no vice-president; that under the by-laws of the corporation the board of directors consists of seven members, a majority of whom, under the statute, must be residents of the State of Oregon; that for several years last past four members of the board of directors have been nonresidents of the state, and of these, one has resigned; that three members of the board of directors resided in the state, one of whom has died, another has transferred all of his stock, and that there is now but one resident director; that there has been no meeting of the board of directors for several years; that the corporation has but one officer, James G. Shepherd, the secretary and treasurer, and he resides at Scranton, Pennsylvania; that there has been no annual meeting of the stockholders during the last ten years; that repeated and continued efforts have been made to have stockholders' meetings held, but that by reason of dissensions among the stockholders it has been impossible to have a majority of the stockholders present in person or by proxy at any

of said called meetings; that the by-laws provide that no business can be transacted at a stockholders' meeting unless there be represented at said meeting, in person or by proxy, a majority of the shares of stock issued and outstanding, and that the corporation has ceased to function as a corporation; that the stockholders are more than fifty in number and reside in all parts of the United States.

Not only are the foregoing facts substantially admitted by the intervener Hill, but the defendant company, through its secretary, answered, and, by its answer, admitted all of the foregoing facts and prayed for the appointment of a fair, impartial and disinterested person or persons as receiver of the defendant company and of its properties, with authority to perform such acts and do such things under the order and supervision of the court as will preserve and protect the properties of defendant and the interests of the several stockholders therein. There was also a prayer for an accounting and for general relief.

5-7. Under these admitted facts, there being no dispute as to the material facts, it was not necessary or proper for the court to await the final hearing of the cause before appointing a receiver. The corporation, having no officers except a secretary and treasurer who had no administrative powers, and being without a legal or functioning board of directors, and its stockholders having failed and refused to function as such, was powerless to protect the corporate property or the interests of the stockholders. Under such circumstances, those facts being established, it was the duty of the court to appoint a disinterested, competent person or persons to preserve the property of the corporation and protect the

interests of the stockholders until such time as the corporation, through its stockholders, should elect a legal board of directors and other proper officers and again exercise its corporate powers. The case, therefore, was not that of a corporation engaged in the full exercise of its corporate powers and transacting its corporate business through officers elected by a majority of the stockholders, but it was one where the corporation itself and a majority of the stockholders had wholly failed and neglected to exercise the corporate powers and to perform the duties owed by it to the public and to every stockholder of the corporation. As such, the rules restricting the power of a court of equity to appoint receivers for corporations which are going concerns are not applicable. Under the admitted facts of this case the appointment of a receiver was the exercise of a power which is necessarily inherent in a court of equity and which "may be invoked whenever there is an estate or fund in existence and no competent person entitled to hold it." High on Receivers, (4 ed.), § 9. This power is not conferred by statute but exists independently of it, and, since there is nothing in our statute which takes away this power from a court of equity or prohibits its exercise in a case where the facts are as above stated, the exercise of the power by the court in the appointment of these receivers was proper.

8. Thus far, we have treated the order appointing the receivers as a final order from which an appeal may be taken. "An order affecting a substantial right, and which, in effect, determines the action or suit so as to prevent a judgment or decree therein * * for the purpose of being reviewed shall be deemed a judgment or decree." Section 548,

Or. L.  The order appointing these receivers had no such effect and did not come within the provisions quoted, nor any other provisions of the statute authorizing the taking of an appeal, and, therefore, is not an order from which an appeal could be taken.

For these reasons the order appealed from is affirmed.                                    Affirmed.

Burnett, Coshow and Belt, JJ., concur.