Argued March 5, reversed March 27, rehearing denied May 29, 1928.

## F. E. FRENCH ET AL. *v.* C. F. & T. COMPANY ET AL.

(265 Pac. 443.)

**Account—Suit for Receiver cannot be Considered One for Accounting, Where No Redress was Sought Through Corporation for Claim Made That Accounting was Ever Demanded or Refused.**

1. Suit for appointment of receiver cannot be considered as one for an accounting, where plaintiffs sought no redress through corporation and made no claim that they ever attempted to see books of corporation or that an accounting had ever been demanded or refused.

**Receivers—Complaint for Appointment of Receiver must State Facts Showing Necessity and Propriety of Appointment.**

2. Complaint in suit for appointment of receiver must lay foundation for the appointment by stating facts which show the necessity and propriety thereof.

**Receivers—Relief by Way of Receivership is Controlled by Equitable Principles Even Where Extended by Statute.**

3. Relief by way of receivership is equitable in its nature, and is controlled by and administered upon equitable principles, even where it has been extended by statute.

**Receivers — Equity will not Take Jurisdiction of Suit Brought Solely for Purpose of Having a Receiver Appointed (Or. L., § 1108).**

4. A court of equity will not take jurisdiction of a suit instituted under Section 1108, Or. L., prior to its amendment by Laws of 1927, page 102, for the sole purpose of having a receiver appointed, since appointment of receiver is an ancillary remedy in aid of primary object of litigation and must be germane to principal suit.

---

Receivers, 34 **Cyc.**, p. 29, n. 77, p. 101, n. 82, p. 104, n. 97, p. 112, n. 44.

From Josephine: C. M. THOMAS, Judge.

---

4. When proper to appoint receiver, see note in 72 **Am. St. Rep.** 29. Equitable right to appointment of receiver in action maintained solely for such relief, see note in 4 **Ann. Cas.** 66. See, also, 23 **R. C. L.** 11. Power to appoint receivers of corporation when no other relief asked, see note in 20 **L. R. A.** 210.

Department 2.

This is a suit brought for the appointment of a receiver for defendant C. F. & T. Company, an Oregon corporation.

Plaintiff F. E. French and defendants O. A. Colby and J. R. Thompson were warm personal and intimate friends for many years. Prior to the organization of the above-named corporation, plaintiff F. E. French and Anna French, his wife, were the owners and operators of a laundry business at Ashland, Oregon, and the defendants were engaged in the mercantile business. Some time prior to November 6, 1922, defendants promoted a plan for the organization of a corporation for conducting their mercantile business, and, with this purpose in mind, persuaded the plaintiffs to dispose of their laundry business and to invest $6,000 of the proceeds thereof in the corporation above named. During the preliminary period of the organization of the corporation, the promoters thereof, as an inducement to French to dispose of his business and join them in its organization, represented that the corporation, when organized, would employ each of them at a weekly wage of $25. When the corporation came into being it ratified this agreement and did employ each of them at the agreed wage. In the course of time, however, the directors of the corporation, for some reason known to themselves, violated their contract and discharged this plaintiff, who thereupon brought suit to recover the $6,000 which he had invested in the corporation.

As a result of the trial, the court decreed:

"A receiver should be appointed to take possession of all of the books, papers, assets, money, business and affairs of said corporation, and manage and

liquidate, by sale and collection, the assets of the corporation, collect its outstanding accounts, pay its indebtedness and distribute the overplus among the stockholders of said corporation. * *

"And thereafter the said receiver and his assistants shall sell and dispose of the property of said defendant corporation at such prices and upon such terms as the said receiver may be ordered by the court so to do, the goods, wares and merchandise and property of said corporation, and shall collect all outstanding accounts, pay all indebtedness, and generally to so manage the said business and affairs of said corporation in such manner as to liquidate the said corporation, its business, assets and affairs, and thereafter, upon the further order of the court, make such distribution of the moneys received from the sale of the goods and the collections made as the court may further order in the premises."

From that decree, the defendants appeal.

REVERSED.    REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Reames & Reames,* with an oral argument by *Mr. Charles Reames.*

For respondents there was a brief over the names of *Mr. A. C. Hough* and *Mr. W. T. Miller,* with an oral argument by *Mr. Hough.*

BROWN, J.—1. It should not be necessary to state that this is not a suit for an accounting. However, the word "accounting" is mentioned in two places in the record before us. It first appears in the prayer of the complaint and is again mentioned in the plaintiffs' brief, where they say "the suit is also for an accounting."

The plaintiffs do not pretend that they sought redress through the corporation. They make no claim

that they ever attempted to see the books of the corporation, or that an accounting has ever been demanded or refused, or that they have attempted to bring themselves within the provisions of the law laid down by this court in *Heidel* v. *Shute,* 86 Or. 210 (167 Pac. 586, 168 Pac. 298), where it was held that the averment of a complaint that defendant has at all times refused to render to plaintiff a statement of account implies a previous demand, and is equivalent to an allegation of demand and refusal. See 1 Ency. Pl. & Pr., p. 98.

2, 3. This suit seems to have been instituted upon the theory that the corporation was insolvent. In this we cannot concur. The record shows that it is a solvent corporation. A complaint must lay the foundation for the appointment of a receiver by stating facts which show the necessity and propriety thereof. Relief by way of receivership is equitable in its nature, and is controlled by and administered upon equitable principles, even where it has been extended by statute.

4. Prior to its amendment by Chapter 107, General Laws of Oregon, 1927, Section 1108, Or. L., read:

"A receiver may be appointed in any civil action, suit, or proceeding other than an action for the recovery of specific personal property: * *

"When a corporation or co-operative association has been dissolved or is insolvent or in imminent danger of insolvency and it is necessary to protect the property of the corporation, or co-operative association, or to conserve or protect the interests of the stockholders of (or) creditors."

This suit was instituted under the statute as originally enacted.

On the subject of the appointment of a receiver, this court said, in the case of *Scandinavian-American Bank* v. *Wentworth Lbr. Co.,* 101 Or. 158 (199 Pac. 626).

"It is a well-established general rule that the appointment of a receiver is an ancillary remedy in aid of the primary object of a litigation between the parties, and such relief must be germane to the principal suit: 34 Cyc. 29; 23 R. C. L., p. 11, § 5."

Again, in the more recent case of *Taylor Finance Corp.* v. *Oregon Logging & Timber Co.,* 116 Or. 440 (241 Pac. 388), Mr. Justice RAND, in speaking for this court, said:

"It is a well-settled principle of equitable jurisprudence that if the sole object of a suit is the appointment of a receiver, a court of equity, in the absence of statutory provisions allowing such suits, will not take jurisdiction of a suit brought for that purpose alone and appoint a receiver: 1 Tardy's Smith on Receivers (2 ed.), § 14. There are no statutory provisions in this state which authorize the bringing of a suit for the sole purpose of having a receiver appointed, and the principle just referred to is sustained by the following decisions: *McNary* v. *Bush,* 35 Or. 114 (56 Pac. 646); *Stacy* v. *McNicholas,* 76 Or. 167 (144 Pac. 96, 148 Pac. 67); *Anderson* v. *Robinson,* 63 Or. 236 (126 Pac. 988, 127 Pac. 546); *Scandinavian-American Bank* v. *Wentworth Lbr. Co.,* 101 Or. 158 (199 Pac. 626); *Cook* v. *Leona Mills Lbr. Co.,* 106 Or. 520 (212 Pac. 785); *State ex rel.* v. *Almeda Consolidated Mines Co.,* 107 Or. 18 (212 Pac. 789)."

For further discussion relating to the statute quoted above and the interpretation thereof, see the authorities above noted.

After a careful consideration of the complaint and the evidence, we can find no just ground for resorting to the harsh remedy of the appointment of a receiver. This case is reversed, and the complaint will be dis-

missed without prejudice to the plaintiffs' right to pursue any cause of action that they may have in the proper forum.

REVERSED AND DISMISSED.   REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.